# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

CATHERINE B. LAAG, a minor, by her Parent and    :
Natural Guardian, JOHN LAAG, and JOHN LAAG,    :
Individually and in his own right,    :    Civil Action No.:  04-1306-GMS
   :
Plaintiffs,    :
   :
   :    JURY TRIAL DEMANDED
v.    :
   :
EDWARD J. CULLEN, JR., D.O., JAMES    :
HERTZOG, M.D. and NEMOURS FOUNDATION    :
d/b/a A. I. DUPONT HOSPITAL FOR CHILDREN,    :
a Delaware Corporation,    :
   :
Defendants.    :

---

## OPENING BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION IN LIMINE
## TO EXCLUDE THE TESTIMONY OF MICHAEL KATZ, M. D.
## REGARDING DAMAGES FOR CONSCIOUS PAIN AND SUFFERING

Michael P. Kelly (Del. Bar ID #2295)
A.  Richard Winchester (Del. Bar ID #2641)
Andrew S. Dupre (Del. Bar ID #4621)
McCARTER & ENGLISH
919 North Market Street, St. 1800
P. O. Box 111
Wilmington, DE  19899
(302) 984-6300

Attorneys for Defendants,
Edward J. Cullen, Jr., D.O.,
James Hertzog, M.D. and Nemours
Foundation d/b/a A.I. DuPont
Hospital for Children

Dated: November 17, 2005

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...........................................................................................ii

NATURE AND STAGE OF PROCEEDING.............................................................................1

SUMMARY OF ARGUMENT .........................................................................................1

FACTS........................................................................................................1

ARGUMENT ...................................................................................................2

      I.      Because Dr. Katz's Opinions Regarding Conscious Pain and Suffering
            Reject Authoritative Medical Science In Favor of His "Personal and
            Ethical Beliefs," They Are Not Admissible Evidence............................................2

CONCLUSION .................................................................................................5

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Cruzan v. Director, Missouri Department of Health*, 497 U.S. 261 (1990) ..................................... 1, 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)..................................................4

*Torcaso v. Watkins*, 367 U.S. 488 (1961)..................................................................................................3

## STATE CASES

*In re Jobes*, 529 A.2d 434 (N.J. 1987)......................................................................................................1

## FEDERAL STATUTES AND RULES

28 U.S.C. § 1332 ........................................................................................................................................1

Fed. R. of Evid. 702 ................................................................................................................................1, 3

Fed. R. of Evid. 401 ................................................................................................................................1, 4

Fed. R. of Evid. 403 ................................................................................................................................1, 4

## MISCELLANEOUS

2 *President's Commission for the Study of Ethical Problems in Medicine and
    Biomedical and Behavioral Research, Making Health Care Decisions
    181-182 (1982)* ..................................................................................................................................1

*President's Commission for the Study of Ethical Problems in Medicine and
    Biomedical and Behavioral Research, Deciding to Forego Life Sustaining
    Treatment 181-182 (1983)*..............................................................................................................3

*Cranford, The Persistent Vegetative State: The Medical Reality,*
    18 Hastings Ctr.Rep. 27, 28, 31 (1988)..........................................................................................1

Del. P.J.I. Civ. § 22.1 (2000) ...................................................................................................................2

ME1\5344026.1

## NATURE AND STAGE OF PROCEEDINGS

This is a medical malpractice action before this Court by diversity jurisdiction pursuant to 28

U.S.C. § 1332.  Discovery is complete, and a trial date is set for January 17, 2006.  This is the

Opening Brief in Support of Defendants' Motion in Limine To Exclude The Testimony Of Michael

Katz, M. D. Regarding Damages For Conscious Pain And Suffering pursuant to Fed. R. of Evid. 702,

401, and 403, and supporting cases.

## SUMMARY OF ARGUMENT

Dr. Katz's "personal and ethical beliefs" regarding the necessity of making unsupported,

unscientific assumptions about the level of pain experienced by PVS patients are not admissible as

expert testimony under Fed. R. of Evid. 702.

## FACTS

This is a medical malpractice action involving a tragic injury to a child.  The plaintiff,

Catherine Laag, a twelve-year-old Downs Syndrome patient, suffered complications relating to

certain treatments for pneumonia that allegedly caused her to enter a persistent vegetative state

("PVS").[1]  The plaintiff is unable to breath for, or feed, herself.  She requires 24 hour attachment to

mechanical means for performing those basic functions, i.e. a ventilator and a feeding tube.  Plaintiff

has claimed damages for conscious pain and suffering related to this condition.

---

[1] Prior case law and medical literature describe PVS as "a body which is functioning entirely in terms of its internal controls. It maintains temperature. It maintains heart beat and pulmonary ventilation. It maintains digestive activity. It maintains reflex activity of muscles and nerves for low level conditioned responses. But there is no behavioral evidence of either self-awareness or awareness of the surroundings in a learned manner." *Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261, 265 n.1 (1990); *citing In re Jobes*, 529 A.2d 434, 438 (N.J. 1987). "[PVS] patients may *react reflexively* to sounds, movements, and normally painful stimuli, but they do not *feel* any pain or *sense* anybody or anything. Vegetative state patients may appear awake but are completely unaware." *Cruzan*, 497 U.S. at 301, n.2 (Brennan dissenting); *citing Cranford, The Persistent Vegetative State: The Medical Reality*, 18 Hastings Ctr.Rep. 27, 28, 31 (1988)(emphasis in original). "Pain and suffering are absent, as are joy, satisfaction, and pleasure. Disability is total and no return to an even minimal level of social or human functioning is possible." *Cruzan*, 497 U.S. at 310 (Brennan dissenting); *citing 2 President's Commission for the Study of Ethical Problems in Medicine and Biomedical and Behavioral Research, Making Health Care Decisions* 181-182 (1982).

This motion seek to preclude one of Plaintiffs' expert witnesses, Michael Katz, M.D.,

from testifying to opinions he has about Plaintiffs' conscious pain and suffering.  Dr. Katz issued

his expert report on September 21, 2005 (Exhibit A, the "Report").  He was deposed on October

25, 2005 (Exhibit B, the "Deposition").    The Report offers **no opinion** on whether Plaintiff has

endured conscious pain and suffering.  However, Dr. Katz used the Deposition to offer his

"personal and ethical beliefs" that Plaintiff should be treated as if she presently endures conscious

pain and suffering, whether or not the evidence and medical science support such a finding.  Ex.

B. at 61.  These expressions are not valid expert testimony and should be excluded.

## ARGUMENT

I.      Because Dr. Katz's Opinions Regarding Conscious Pain And Suffering Reject
        Authoritative Medical Science In Favor Of His "Personal And Ethical Beliefs,"
        They Are Not Admissible Evidence.

Delaware's pattern jury instructions make clear that,

> [D]amages must be proved with a reasonable probability and not left to
> speculation.  Damages are speculative where there is merely a possibility rather
> than a reasonable probability that an injury exists.  While pain and suffering are
> proper elements on which to determine monetary damages, the damages for pain
> and suffering must be fair and reasonably determined and may not be determined
> by a fanciful or sentimental standard.  Del. P.J.I. Civ. § 22.1 (2000).

Dr. Katz discussed Plaintiff's potential conscious pain and suffering twice during his

Deposition.  The first discussion begins on page 23,

> Q: And they [PVS patients] cannot feel pain.  Is that correct?
> A: ...I probably take issue with the fact that they don't feel pain.  I think they can't localize
> pain would be a more appropriate way of saying it.
> Q: Can you cite me to some article or study to support what you just said...
> A: That's just, honestly – it may be in one of these articles.  That's just my personal opinion
> from working with people who are neurologically impaired for more than a decade.  So it
> may be in one of these articles, but that's my own definition ... Regardless of whether it is in
> the article[s] or not, that's my belief.  Ex. B. at 23-25.

The second, more detailed, exchange begins on page 60,

> Q: Would you agree with the statement in the medical aspects of PVS in the New England
> Journal of Medicine ... [that] "Children in a vegetative state may react to noxious stimuli, but
> for the same reason as adults they cannot experience pain or suffer."[?]
> A: Do I agree with that?  I don't agree with it necessarily...
> Q: ... Do you have any study or article that states otherwise?
> A: No, just personal and ethical beliefs.  Ex. B. at 60-61.

2

Dr. Katz elaborated that he believes it is ethical to act as though PVS patients feel pain, even though all medical knowledge indicates they do not, because evidence might emerge at some later date showing that current medical science is incorrect on this point. Ex. B. at 61-62.

As the above exchanges show, Dr. Katz admits that this opinion is not based on any research, study, text, or article, peer-reviewed or otherwise. Instead, the doctor's opinion on this point is based solely on his "personal belief" about what it means to be "ethical." In asserting this "personal belief," Dr. Katz explicitly rejects all the medical science of which he is aware. Ex. B. at 61. He also ignores the fact that PVS patients cannot feel pain has been generally accepted in the medical community for at least 22 years. The Supreme Court of the United States repeatedly acknowledged that this point in *Cruzan*, 497 U.S. 261, at 310-311 (1990), citing a nearly identical position from the *President's Commission for the Study of Ethical Problems in Medicine and Biomedical and Behavioral Research, Deciding to Forego Life Sustaining Treatment* 181-182 (1983).

Dr. Katz's "personal beliefs" about Plaintiff's conscious pain and suffering therefore are not "scientific, technical, or specialized knowledge [that] will assist the trier of fact to understand evidence or to determine a fact in issue" – the standard for admissibility under Fed. R. of Evid. 702. Instead, they are an expression of a personal belief system about the correct actions of a humane society. The Supreme Court equates beliefs such as this, broadly categorized as secular humanism, to religious expressions. *Torcaso v. Watkins,* 367 U.S. 488, 495 n. 11 (1961).

Religious/philosophical expressions are not scientific or technical opinions, for the simple reason that they cannot be subject to any of the traditional objective checks that make expert scientific opinion reliable and valuable. *Daubert* expounds several such indicia of reliability, all of which the doctor's "beliefs" fail: (a) whether the expert's technique can be tested or challenged in some objective sense, or rather is simply a subjective, conclusory approach that cannot reasonably be assessed for reliability; (b) whether the expert's technique has been subjected to peer review and publication; (c) whether the potential error rate of the method is known; (d) the maintenance of

standards and controls to govern the application of the technique; and (e) general acceptance in the scientific community. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-594 (1993).

Dr. Katz's opinions on this subject are also inadmissible for two other reasons. First, the question of how society should act toward PVS patients is not relevant to the disputed fact in this case: whether the plaintiff feels conscious pain and suffering, regardless of how society acts toward her. The doctor's opinions therefore are inadmissible under Fed. R. of Evid. 401.

Second, the doctor's "beliefs" carry a substantial danger of confusing and inflaming the jury. The corollary to testimony that it is ethical to treat PVS patients as if they feel pain because medical science may later be proven wrong, is that it is also right to award Plaintiff for conscious pain and suffering because it is possible that she could prove those damages at some later point, even though she cannot now, and that Defendants are "unethical" for disputing this point. Plaintiff carries the burden of proving each and every element of her claim for liability and damages, including her claim for pain and suffering. Plaintiff's proffered "just in case" reasoning discards Plaintiff's burden of proof on this issue in favor of a nebulous, far lower standard. Dr. Katz's testimony on conscious pain and suffering therefore is also inadmissible under Fed. R. of Evid. 403.

## CONCLUSION

For all of these reasons, Defendants pray that their Motion *In Limine* To Exclude The

Testimony Of Michael Katz, M. D. Regarding Damages For Conscious Pain And Suffering be

granted.

McCARTER & ENGLISH, LLP

MICHAEL P. KELLY (DE ID# 2295)
A. Richard Winchester (DE ID#2641)
Andrew S. Dupre (DE ID#4621)
919 North Market Street, Suite #1800
P. O. Box 111
Wilmington, DE  19899
(302) 984-6300

Attorney for Defendants, Edward J. Cullen,
Jr., D.O., James Hertzog, M.D. and
Nemours Foundation d/b/a A. I. DuPont
Hospital For Children

Dated:  November 17, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, he caused to be served a copy of the foregoing pleading upon the following, counsel of record for the plaintiffs, via electronic filing and First Class Mail:

    Robert N. Hunn, Esquire
    Kolsby, Gordon, Robin, Shore & Bezar
    Suite 2250, 1650 Market Street
    Philadelphia, PA  19103

                         McCARTER & ENGLISH, LLP

                         MICHAEL P. KELLY (DE ID# 2295)
                         919 North Market Street, Suite #1800
                         P. O. Box 111
                         Wilmington, DE  19899
                         (302) 984-6300
                         Attorney for Defendants,
                         Edward J. Cullen, Jr., D.O.,
                         James Hertzog, M.D. and Nemours
                         Foundation d/b/a A. I. DuPont
                         Hospital For Children