IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE B. LAAG, a minor, by her Parent and Natural Guardian, JOHN LAAG, and JOHN LAAG, Individually and in his own right,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD J. CULLEN, JR., D.O., JAMES HERTZOG, M.D. and NEMOURS FOUNDATION d/b/a A. I. DUPONT HOSPITAL FOR CHILDREN, a Delaware Corporation,<br><br>Defendants. | Civil Action No.: 04-1306-GMS<br><br>JURY TRIAL DEMANDED |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' ECONOMIC EXPERT'S REPORT

Michael P. Kelly (Del. Bar ID #2295)
A. Richard Winchester (Del. Bar ID #2641)
Andrew S. Dupre (Del. Bar ID #4621)
McCARTER & ENGLISH
919 North Market Street, St. 1800
P. O. Box 111
Wilmington, DE 19899
(302) 984-6300

Attorneys for Defendants,
Edward J. Cullen, Jr., D.O.,
James Hertzog, M.D. and Nemours
Foundation d/b/a A.I. DuPont
Hospital for Children

Dated: November 17, 2005

ME1\5343896.1

# TABLE OF CONTENTS

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

NATURE AND STAGE OF PROCEEDING ....................................................................... 1

SUMMARY OF ARGUMENT .............................................................................................. 1

FACTS .................................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

    I.    Because the Economic Report Ignores that Plaintiff Is In PVS, It Is So Flawed That It Fails To Serve As Expert Scientific Or Technical Opinion Helpful To The Fact-Finder ........................................ 2

CONCLUSION ....................................................................................................................... 4

ME1\5343896.1

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Cruzan v. Director, Missouri Department of Health*, 497 U.S. 261 (1990) .......................... 1

*In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717 (3d Cir. 1994) ...................................... 3

## STATE CASES

*In re Jobes*, 529 A.2d 434 (N.J. 1987) .................................................................................. 1

## FEDERAL STATUTES AND RULES

28 U.S.C. § 1332 .................................................................................................................. 1

Fed. R. of Evid. 702 ............................................................................................................. 1

Fed. R. of Evid. 403 .......................................................................................................... 1, 4

## MISCELLANEOUS

2 *President's Commission for the Study of Ethical Problems in Medicine and Biomedical and Behavioral Research, Making Health Care Decisions* 181-182 (1982) ............................................................................................................................. 1

David J. Strauss, Robert M. Shavelle, and Stephen Ashwal, *Life Expectancy and Median Survival Time in the Permanent Vegetative State*, 21 ......................................... 3

Cranford, *The Persistent Vegetative State: The Medical Reality*, 18 Hastings Ctr.Rep. 27 (1988) ................................................................................... 1

## NATURE AND STAGE OF PROCEEDINGS

This is a medical malpractice action before this Court by diversity jurisdiction pursuant to 28 U.S.C. § 1332. Discovery is complete, and a trial date is set for January 17, 2006. This is the Opening Brief in Support of Defendants' Motion in Limine To Exclude Plaintiffs' Economic Expert's Report pursuant to Fed. R. of Evid. 702 and 403.

## SUMMARY OF ARGUMENT

Plaintiffs' economic expert based his analysis on a set of facts not supported by the record or Plaintiffs' own medical experts. The analysis therefore is inadmissible.

## FACTS

This is a medical malpractice action involving a tragic injury to a child. The Plaintiff, Catherine Laag, a twelve-year-old Downs Syndrome patient, suffered complications relating to certain treatments for pneumonia that allegedly caused her to enter a persistent vegetative state ("PVS").[1] The Plaintiff is unable to breath for, or feed, herself. She requires 24 hour attachment to mechanical means for performing those basic functions, i.e. a ventilator and a feeding tube. Plaintiff has claimed damages for full-time medical care for the rest of her life.

---

[1] Prior case law and medical literature describe PVS as "a body which is functioning entirely in terms of its internal controls. It maintains temperature. It maintains heart beat and pulmonary ventilation. It maintains digestive activity. It maintains reflex activity of muscles and nerves for low level conditioned responses. But there is no behavioral evidence of either self-awareness or awareness of the surroundings in a learned manner." *Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261, 265 n.1 (1990); *citing In re Jobes,* 529 A.2d 434, 438 (N.J. 1987). "[PVS] patients may *react reflexively* to sounds, movements, and normally painful stimuli, but they do not *feel* any pain or *sense* anybody or anything. Vegetative state patients may appear awake but are completely unaware." *Cruzan*, 497 U.S. at 301, n.2 (Brennan dissenting); *citing Cranford, The Persistent Vegetative State: The Medical Reality*, 18 Hastings Ctr.Rep. 27, 28, 31 (1988)(emphasis in original). "Pain and suffering are absent, as are joy, satisfaction, and pleasure. Disability is total and no return to an even minimal level of social or human functioning is possible." *Cruzan*, 497 U.S. at 310 (Brennan dissenting); *citing 2 President's Commission for the Study of Ethical Problems in Medicine and Biomedical and Behavioral Research, Making Health Care Decisions* 181-182 (1982).

This motion challenges the report of Plaintiff's economic expert, Bunin Associates (Exhibit A, the "Economic Report"). The Economic Report, issued on June 30, 2005, calculates the present value of Plaintiff's future medical costs. The Economic Report bases its analysis on a life expectancy of 58.6 years, which is the life expectancy for a typical person with Downs Syndrome. Ex. A. at 1. The Economic Report does not acknowledge that the most optimistic life expectancy for a PVS patient like Plaintiff to be found in the medical literature is age 22, or that Plaintiff's own expert opined to a maximum life expectancy of age 32. As such, the figures in the Economic Report are severely overestimated and misleading, and must be excluded from evidence.

## ARGUMENT

I.  Because The Economic Report Ignores That Plaintiff Is In PVS, It Is So Flawed That It Fails To Serve As Expert Scientific Or Technical Opinion Helpful To The Fact-Finder

Plaintiffs' Economic Report states,

> You have asked us to perform an actuarial-economic analysis with respect to the future cost of care which Catherine will require for the rest of her lifetime. According to the article entitled "The Changing Survival Profile of People With Downs Syndrome: Implications for Genetic Counseling", as presented in Clinical Genetics, the median survival age for such individuals was to age 58.6 … For purposes of this report, a total life span of 58.6 years will be utilized in calculating the future medical costs for care and attention which [Plaintiff] will require. Ex. A. at 1.

The Economic Report goes on to opine about the discounted value of medical costs for different types of care facilities for the Plaintiff until age 56.8, coming up with values between $22 and $29 million. Ex. A. at 5-7.

The problem with the Economic Report is that the parties agree that Plaintiff's life expectancy is nowhere near 46.8 years beyond the onset of PVS. Dr. Katz, Plaintiffs' medical expert, taking the most generous estimate that he could find in the medical literature and then nearly doubling it, opines to a maximum life expectancy of 22 years past PVS onset,

2

less than half that found in the Economic Report. Exhibit B, September 21, 2005 Deposition of Michael Katz, M.D. at 42.[2] The most optimistic life expectancy in the medical literature for a PVS patient like the Plaintiff is 12 years past onset. Ex. B at 38; Ex. C at 629. Plaintiff's life expectancy is probably even lower than that due to her ventilator and feeding tube dependence. Ex. C at 626, 629.

Rule 702 requires that "the expert witness has applied the principles and methods reliably to the facts of the case." That did not occur here. Instead, the Economic Report ignores the fact the Plaintiff is in PVS, totally dependent on artificial life support, and bases its estimations of the costs associated with maintaining such artificial life support on the Plaintiff living a life span of a median, or typical, person with Downs Syndrome. Ex. A at 1. This error even goes so far as doubling (the already improperly doubled) life expectancy opined to by Plaintiff's own medical expert.

"[A]ny step that renders the analysis unreliable … renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994). Here, the very first step on the very first page of the Economic Report is misapplied. Moreover, the Economic Report so sparsely states its methodology that there is no way for the Court to know what degree this error infected the economic analysis by, for example, front-loading or back-loading estimates based on inflation and present interest

---

[2] As stated more fully in Defendants' Motion In Limine to Preclude the Testimony of Michael Katz, M.D. regarding Life Expectancy, the only piece of medical literature Dr. Katz used to form his life expectancy opinion was David J. Strauss, Robert M. Shavelle, and Stephen Ashwal, *Life Expectancy and Median Survival Time in the Permanent Vegetative State*, 21 Pediatric Neurology 626 (1999)(Exhibit C, *hereinafter* "S-S-A Study"). Dr. Katz concedes that the S-S-A Study, a statistical analysis of all PVS patients treated in California between 1981 and 1996, is the most recent and authoritative medical literature regarding this topic.

3

rates. The Economic Report therefore fails the reliability requirements of Fed. R. of Evid. 702, and should be excluded in its entirety.

The Economic Report is problematic in other ways as well. Admitting the Economic Report would imply that the jury has a third choice beyond what Plaintiffs' and Defendants' experts will testify for compensating the Plaintiff for a lifetime of care, i.e. the much larger numbers contained in the Economic Report. Because the Plaintiffs' medical expert will not support the patently incorrect estimates in the Economic Report, presenting those estimates to the jury would be misleading and unfairly prejudicial within the meaning of Fed. R. of Evid. 403.

## CONCLUSION

For all of these reasons, Defendants pray that their Motion *In Limine* To Preclude Plaintiff's Economic Expert Report be granted.

McCARTER & ENGLISH, LLP

MICHAEL P. KELLY (DE ID# 2295)
A. Richard Winchester (DE ID#2641)
Andrew S. Dupre (DE ID#4621)
919 North Market Street, Suite #1800
P. O. Box 111
Wilmington, DE 19899
(302) 984-6300
Attorney for Defendants,
Edward J. Cullen, Jr., D.O.,
James Hertzog, M.D. and Nemours
Foundation d/b/a A. I. DuPont
Hospital For Children

Dated: November 17, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, he caused to be served a copy of the foregoing pleading upon the following, counsel of record for the plaintiffs, via electronic filing and First Class US Mail:

    Robert N. Hunn, Esquire
    Kolsby, Gordon, Robin, Shore & Bezar
    Suite 2250, 1650 Market Street
    Philadelphia, PA  19103

                      McCARTER & ENGLISH, LLP

                      */s/ Michael P. Kelly*
                      MICHAEL P. KELLY (DE ID# 2295)
                      919 North Market Street, Suite #1800
                      P. O. Box 111
                      Wilmington, DE  19899
                      (302) 984-6300
                      Attorney for Defendants,
                      Edward J. Cullen, Jr., D.O.,
                      James Hertzog, M.D. and Nemours
                      Foundation d/b/a A. I. DuPont
                      Hospital For Children