# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE B. LAAG, a minor, by her Parent and Natural Guardian, JOHN LAAG, And JOHN LAAG Individually and in his Own right, plaintiffs | : CASE NO. <br> : <br> : **CA 04-1306-GMS** <br> : |
| vs. | : <br> : |
| EDWARD J. CULLEN, JR., D.O., JAMES HERTZOG, M.D. and NEMOURS FOUNDATION d/b/a A. I. DuPONT HOSPITAL FOR CHILDREN, A Delaware Corporation | : <br> : <br> : <br> : |

## OPENING BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY FROM DEFENSE EXPERT SHEKHAR VENKATARAMAN, M.D.

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

Martin A. Schagrin
MARTIN A. SCHAGRIN
1218 Market Street
P.O. Box 1632
Wilmington, Delaware 19899
(302) 656-3155

**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

Date:
November 21, 2005

Robert N. Hunn
ROBERT N. HUNN
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA 19103
(215) 851-9700

**Attorneys for Plaintiffs, Catherine Laag, a minor
And John Laag, parent and natural guardian**

2

**TABLE OF CONTENTS**

1. NATURE AND STAGE OF PROCEEDING……………….3

2. SUMMARY OF ARGUMENT……………….....………….3

3. FACTS…………………………………………………………..3

4. FOR A FAIR TRIAL TO TAKE PLACE, DEFENSE……….4
   EXPERT DR. VENKATARAMAN MUST BE
   PRECLUDED FROM TESTIFYING AT TRIAL

5. CONCLUSION…………………………………………….5

**I.    NATURE AND STAGE OF PROCEEDINGS**

This is medical negligence claim is before this Court by diversity jurisdiction pursuant to 28 U.S.C. §1332. At stake is the future of a 12 year old girl who was put in a persistant vegetative state by the negligence of defendant Cullen. Trial is scheduled for January 17, 2006.

**II.    SUMMARY OF ARGUMENT**

In an effort to gain an unfair strategic advantage, defendants have abandoned their liability expert and presented a new liability expert report approximately 60 days before trial.

**III.    FACTS**

Less than 48 hours before the Motion in Limine deadline of November 18, 2005, defendants abandoned their liability expert, Dr. Bradley Fuhrman, M.D. and presented plaintiff with a new liability expert report from Dr. Shekhar Venkataraman[1]. Because plaintiff was preparing for the mediation of this case on November 18th, plaintiff did not have sufficient time to prepare this motion and file on November 18, 2005. Defendants' deadline for issuing expert reports was August 30, 2005 and trial is less than 60 days away.

---

[1] Dr. Venkataraman's report was provided to plaintiff's counsel on November 16, 2005.

**IV.  FOR A FAIR TRIAL TO TAKE PLACE, DEFENSE EXPERT DR. VENKATARAMAN MUST BE PRECLUDED FROM TESTIFYING AT TRIAL**

Fundamental fairness dictates that at this late stage of the proceedings, the defendants should not be permitted to gain an unfair strategic advantage by abandoning their liability expert, Dr. Bradley Fuhrman, and replacing him with a new liability expert witness. It is anticipated that the defense will posture that they are not abandoning Dr. Fuhrman as their expert but simply asked Dr. Venkataraman to issue a report that responds to plaintiff's expert report issued by Dr. Katherine Biagas. (See, Exh. "A"). Nothing could be further from the truth.

Defense expert Bradley Fuhrman M.D.'s report is attached hereto as Exhibit "B." The new report from defense expert Shekhar Venkataraman, M.D. is attached hereto as "C." One need only review the two reports to see that Dr. Venkataraman did not write a report responding solely to a plaintiff's expert's report. **Rather, Dr. Venkataraman's report presents brand new theories of defense not appearing in Dr. Fuhrman's report.** Dr. Venkataraman's report is much more extensive than Dr. Fuhrman's report because it contains brand new defense theories. Consequently, it is quite reasonable to conclude that the defense is abandoning Dr. Fuhrman as their expert and any arguments to the contrary are specious.

From a fairness prospective, the issuance of a new liability report unduly and unfairly prejudices the plaintiff in a number of different ways. First, while the defense can now spend the remaining two months before trial, preparing for trial, plaintiff cannot. Rather, plaintiff must now expend time and effort dissecting the report, having it

4

reviewed by plaintiff's experts and prepare to respond to the new defense theories if necessary. Moreover, plaintiff must now expend time and effort coordinating to take Dr. Venkataraman's deposition and then wait for the transcript to be prepared before forwarding the transcript to experts for review and analysis. In this short period of time, plaintiff's tasks become even more herculean as we are now entering the holiday season. Present circumstances present a grossly unfair situation. The defense can use their time preparing for trial. Plaintiff cannot.

From a practical perspective, plaintiff had every right to plan their case and prepare their case in accordance with this court's discovery deadline (See, Scheduling Order; Exhibit "D.") Because of the size of this case, both parties previously worked well together. Although both parties submitted expert reports past the deadline, the issuance of expert reports in the past did not prejudice either party's ability to prepare for trial.

The issuance of Dr. Venkataraman's expert report, at this late date, does unduly prejudice the plaintiff. A 12 year old girl was put in a persistant vegetative state due to the negligence of defendant Cullen. The child's future depends solely on her ability to have a fair and balanced trial. The issuance of an extremely late expert report, raising new defense theories, provides the defense with an unfair tactical and strategic advantage which will serve to deny the child a fair trial.

**V.     CONCLUSION**

For the reasons setforth above, plaintiff respectfully requests that this Honorable Court enter an order precluding Dr. Venkataraman from testifying at trial.

        **BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

        Martin A. Schagrin
        MARTIN A. SCHAGRIN
        1218 Market Street
        P.O. Box 1632
        Wilmington, Delaware  19899
        (302) 656-3155

        **KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

        Robert N. Hunn
        ROBERT N. HUNN
        Kolsby, Gordon, Robin, Shore & Bezar
        Suite 2250, 1650 Market Street
        Philadelphia, PA  19103
        (215) 851-9700

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date, November 21, 2005. he caused to be served a copy of the forgoing Opening Brief In Support of Motion To Preclude Defense Expert Shekhar Venkataraman upon the following , counsel of record for the defense, via electronic filing and First Class Mail:

MICHAEL KELLY, ESQUIRE
McCarter & English
919 N. Market Street
Suite 1800
P.O. Box 111
Wilmington, DE  19899
(302) 984-6333

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

Martin A. Schagrin
MARTIN A. SCHAGRIN
1218 Market Street
P.O. Box 1632
Wilmington, Delaware  19899
(302) 656-3155

**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**
Robert N. Hunn
ROBERT N. HUNN
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA  19103
(215) 851-9700