IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHERINE B. LAAG, a minor, by her Parent and Natural Guardian, JOHN LAAG, and JOHN LAAG, Individually and in his own right, | : : : : | Civil Action No.: 04-1306-GMS |
| Plaintiffs, | : : | JURY TRIAL DEMANDED |
| v. | : : | |
| EDWARD J. CULLEN, JR., D.O., JAMES HERTZOG, M.D. and NEMOURS FOUNDATION d/b/a A. I. DUPONT HOSPITAL FOR CHILDREN, a Delaware Corporation, | : : : : : | |
| Defendants. | : | |

### ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF SHEKHAR VENKATARAMAN, M. D.

Michael P. Kelly (Del. Bar ID #2295)
A. Richard Winchester (Del. Bar ID #2641)
Andrew S. Dupre (Del. Bar ID #4621)
McCARTER & ENGLISH
919 North Market Street, St. 1800
P. O. Box 111
Wilmington, DE 19899
(302) 984-6300

Attorneys for Defendants,
Edward J. Cullen, Jr., D.O.,
James Hertzog, M.D. and Nemours
Foundation d/b/a A.I. DuPont
Hospital for Children

Dated: November 22, 2005

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......................................................................................................... ii

NATURE AND STAGE OF PROCEEDING ................................................................................ 1

SUMMARY OF ARGUMENT ...................................................................................................... 1

FACTS ............................................................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.     Plaintiff Waived This Argument by Breaching the Discovery Deadlines For All Of Her Experts ............................................................................. 3

    II.    Whatever Minimal Prejudice Plaintiffs May Suffer They Have Brought on Themselves .............................................................................................. 4

    III.   Alternatively, Dr. Biagas Should Be Excluded As a Witness .................................. 5

    IV.   The Court Should Reject This Motion as Untimely .................................................. 5

CONCLUSION ............................................................................................................................... 5

MEI\5350554.1

## TABLE OF AUTHORITIES

### State Cases

*Miller v. Northern Ins. Co. of New York*, 39 A.2d 23 (Del. Super. 1944) ........................................... 4

### Rules

Fed. R.Civ. Pro. 26(A)(4)(c) .................................................................................................. 5

## NATURE AND STAGE OF PROCEEDINGS

This is a medical malpractice action before this Court by diversity jurisdiction pursuant to 28 U.S.C. § 1332. Discovery is complete, and a trial date is set for January 17, 2006.

## SUMMARY OF ARGUMENT

Through his own violations of discovery deadlines, and multiple stipulations that such tardiness would be overlooked, Plaintiffs' counsel has both waived and is estopped from making any objection to the timeliness of the submission of this expert. Alternatively, if the Court decides that the discovery deadlines in this case must be rigorously enforced despite a stipulation of counsel, Plaintiffs' expert, Dr. Biagas, identified outside the dates set by the March 2, 2005 Scheduling Order, must also be excluded.

## FACTS

Plaintiff Catherine Laag alleges she was injured through the medical negligence of the defendants, doctors who provided her with emergency care for complications related to pneumonia. Her original standard of care expert was Stephen Lieberman, M.D. The deadline for submission of Plaintiffs' expert reports was June 30, 2005, with Defendants' submissions due 60 days thereafter. March 2, 2005 Scheduling Order, Exhibit A.

On June 15, 2005, Plaintiff's counsel, Mr. Hunn, emailed Defendants' counsel, Mr. Bradley, to inform him that he would be unable to meet the June 30, 2005 deadline for submitting expert reports, for any of his experts (the "Email"; Exhibit B). Mr. Hunn asked Mr. Bradley to overlook the lateness without an order from the Court, stating that, "I will have no objection giving you the same extra period of time for your reports that you will give me." Exhibit B at 1. Mr. Bradley responded the same day, stating that the delay was "no problem" and informing Mr. Hunn that Defendants might also need more time for expert production due to summer vacations. *Id.* Defendants did not receive Plaintiffs' expert reports until the following dates:

1

| Expert | Type | Date received |
| --- | --- | --- |
| Dr. Lieberman | Standard of Care | 7/13/05 and 9/26/05 |
| Dr. Katz | Damages | 7/13/05 |
| Dr. Axelrod | Vocational | 7/26/05 |
| RN Bates | Life Care Plan | 7/26/05 |
| Bunin & Assoc. | Economic | 7/26/05 |
| Dr. Biagas | Standard of Care | 10/10/05 |

On September 6, 2005, after a series of phone calls discussing the scheduling conflicts of experts, Mr. Bradley wrote Mr. Hunn to "confirm[] that you granted defendants an extension in which to submit expert reports." (Exhibit C). Mr. Hunn replied with a fax on September 7, 2005, stating, "I am amenable to granting defendants an extension of time in which to submit expert reports." (Exhibit D). Later, in a September 22, 2005 letter, Mr. Hunn once again confirmed this extension, but stated that it did not, in his opinion, enlarge the time period for Defendants to depose Plaintiffs' experts. (Exhibit E).

On October 7, 2005, 100 days past the deadline, Mr. Hunn submitted an expert report from Dr. Biagas. Mr. Hunn claimed that Dr. Biagas's testimony was necessary to rebut the expert report of Dr. Fuhrman, Defendants' standard of care witness. This gave Plaintiff two expert witnesses on standard of care, and Defendants only one. Mr. Bradley did not object to the untimeliness of this submission, but instead attempted to accommodate Mr. Hunn by scheduling her deposition. Despite numerous attempts by Defendants, this deposition still has not occurred.

On November 7, 2005, Mr. Bradley informed Mr. Hunn that he had consulted with another expert, Dr. Venkataraman, regarding the issues newly raised by Dr. Biagas's expert report. Dr. Venkataraman issued his expert report on November 12, 2005, 35 days after Dr. Biagas' report. It was disclosed to Plaintiffs on November 16, 2005.

## ARGUMENT

The present motion, mostly an *ad hominem* attack on defense counsel, argues that Dr. Venkataraman should be excluded because his report was not submitted within the deadline set by the March 2, 2005 Scheduling Order. The motion should be denied because: (1) Plaintiffs' counsel

waived strict compliance with the Scheduling Order, and is estopped from making this argument by his repeated discovery violations and representations that such deadlines would be overlooked; (2) there is no prejudice – Plaintiffs and Defendants, through their own stipulations, both must scramble to depose more recently disclosed experts within the same period before trial; and (3) this motion was filed out of time.

I.  Plaintiff Waived This Argument By Breaching The Discovery Deadlines For All Of Her Experts

Plaintiffs did not submit a single expert report within the deadlines set by this Court's Scheduling Order. Particularly problematic is the report of Dr. Biagas, submitted 100 days late. Mr. Hunn's excuse for this submission was that he wanted to have two standard of care experts, since Defendants had two. In fact, the only standard of care witness for Defendants at that time was Dr. Fuhrman. While Mr. Hunn has attempted to characterize Dr. Cullen as a standard of care expert, that simply is not the case. Dr. Cullen is the party to this litigation accused of negligence; he has knowledge of the facts and an absolute right to take the stand to defend himself. In other words, it is not Dr. Cullen's fault that Mr. Hunn deemed Plaintiffs' first standard of care expert to be inadequate, and Dr. Cullen cannot be deprived of his right to testify or placed in an unfair position on that basis.

The Scheduling Order contemplates that Defendants would have 60 days after Plaintiffs submitted their expert reports in which to prepare and submit their own reports. Mr. Bradley did not run to the court when Mr. Hunn *six times* missed the deadline for expert disclosure. Instead, consistent with counsel's duty to resolve such issues without court intervention whenever possible, Mr. Bradley accepted the late disclosure and requested a stipulation that Plaintiffs' delay would not deprive Defendants of their allotted time to file expert reports. Mr. Hunn gave that stipulation, in writing, at least three times. Dr. Venkataraman's report was submitted just 35, rather than 60, days after the report of Dr. Biagas. Plaintiff has thus waived any right to object to the timeliness of the report, and is estopped from making this claim.

> A waiver is the intentional relinquishment of a known right, either in terms or by such conduct as clearly indicates an intention to renounce a known privilege or power. It involves

3

both knowledge and intent, and is based on the idea of consent, express or implied. In strictness, waiver is referable to the act or conduct of one party only. It depends on what one party intended to do, rather than upon what he induced his adversary to do, as in estoppel. The doctrine does not necessarily imply that one party to the controversy has been misled to his detriment in reliance on the conduct of the other party; and waiver is not only consistent with, but is generally created upon knowledge of all the facts by both parties. There may, therefore, be a waiver of an existing right apart from any element of estoppel. *** On the other hand, estoppel has a tortious quality, and is maintainable only where the conduct of the one party has induced another to change his position for the worse, in which case the law vests the consequences upon him who is the author of the mischief by declaring an estoppel. *Miller v. Northern Ins. Co. of New York*, 39 A.2d 23, 25 (Del. Super. 1944)

## II.   Whatever Minimal Prejudice Plaintiffs May Suffer They Have Brought On Themselves

Contrary to Plaintiffs' motion, Defendants have never represented they are abandoning Dr. Fuhrman as an expert. Defendants were perfectly content with a battle of the experts between Drs. Fuhrman and Lieberman, the testimony of the latter being, in Defendants' estimation, not compelling. It was *Plaintiffs*, not Defendants, who first identified a second expert --Dr. Biagas- far outside the discovery deadline. While it is true that Dr. Venkataraman's report is longer than Dr. Fuhrman's, that is only because he is responding to Dr. Biagas's report, which is longer than Dr. Lieberman's.

Plaintiffs' argument, stripped of its *ad hominem* attacks and sophistry, is that, despite what Plaintiffs may have said or done, the Scheduling Order applies only to Defendants. To use Plaintiffs' words, "nothing could be further from the truth." The Scheduling Order sets a discovery timetable that Plaintiffs violated not once, but *for every single expert they submitted*. If, as is argued here, "plaintiff [sic] had every right to plan their case and prepare their case in accordance with this court's discovery deadline," then so did Defendants. Pl. Op. Br. at 5. The Scheduling Order gives Defendants 60 days to respond to Plaintiffs' standard of care expert with an expert of their own. Defendants took only 35 days. If Plaintiffs are upset that this response is close to trial, then they should not have waited 100 days past the Scheduling Order deadline to submit Dr. Biagas's report.

Plaintiffs' claim of prejudice is, moreover, illusory. Despite Defendants' repeated efforts, Dr. Biagas has not been deposed. Indeed, Mr. Hunn declined one deposition date because he prefers to attend a firm Christmas party on December 16, 2005. Both parties are therefore in the same boat: they hold a report of an opposing expert disclosed by mutual consent after the discovery deadline, and

4

must adjust their holiday schedules in order to conduct depositions in time for trial. Defendants do not have a problem with this, and have not petitioned the Court to relieve them from an obligation that, through stipulations, the parties themselves created. Plaintiffs' motion ignores these facts, as shown in the attached Exhibits, and is an obvious attempt to mislead the Court.

### III.  Alternatively, Dr. Biagas Should Be Excluded As A Witness.

If the Court is inclined to rigorously enforce the Scheduling Order despite a contrary stipulation of counsel and a manifest lack of prejudice, then, at minimum, Dr. Biagas's testimony should also be excluded. Excluding Dr. Venkataraman while admitting Dr. Biagas would unbalance the number of experts and allow Plaintiffs to offer a host of alternative damages theories that were not disclosed in time for Dr. Fuhrman to consider, creating an unfair advantage. Additionally, Plaintiffs should be ordered, per Fed. R. Civ. Pro. 26(A)(4)(c), to compensate Dr. Venkataraman for the time he spent preparing for this case. It was, after all, the late disclosure of Dr. Biagas, accompanied by a series of (now disclaimed) written representations by Plaintiffs' counsel, that prompted Defendants to obtain his services.

### IV.  The Court Should Reject This Motion As Untimely

Considering that Plaintiffs' entire argument hinges upon rigorous enforcement of the Scheduling Order, it is ironic that Mr. Hunn when he filed this motion chose to ignore the November 18, 2005 deadline for filing motions *in limine*. Mr. Bradley informed Mr. Hunn that he had consulted with Dr. Venkataraman on November 7, 2005. If mere late disclosure is reason enough to exclude this witness, then Mr. Hunn had two full work weeks in which to file a motion saying so. There is thus no reason for the Court to even reach the "merits," such as they are, of Plaintiffs' argument.

### CONCLUSION

For all of these reasons, Defendants pray that Plaintiffs' Motion *In Limine* To Exclude The Testimony Of Shekhar Venkataraman, M.D. be denied.

                                                            McCARTER & ENGLISH, LLP

                                                            /s/ Michael P. Kelly  
                                                            MICHAEL P. KELLY (DE ID# 2295)  
                                                            A. Richard Winchester (DE ID#2641)  
                                                            Andrew S. Dupre (DE ID#4621)  
                                                            919 North Market Street, Suite #1800  
                                                            Wilmington, DE 19899  
                                                            (302) 984-6300  
                                                            Attorney for Defendants

Dated: November 22, 2005

ME1\5350554.1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date, he caused to be served a copy of the foregoing pleading upon the following, counsel of record for the plaintiffs, via electronic filing and First Class US Mail:

> Robert N. Hunn, Esquire
> Kolsby, Gordon, Robin, Shore & Bezar
> Suite 2250, 1650 Market Street
> Philadelphia, PA 19103

McCARTER & ENGLISH, LLP

/s/ Michael P. Kelly
MICHAEL P. KELLY (DE ID# 2295)
919 North Market Street, Suite #1800
P. O. Box 111
Wilmington, DE 19899
(302) 984-6300
Attorney for Defendants

ME1\5350554.1