# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

CATHERINE B. LAAG, a minor, by her :  CASE NO.
Parent and Natural Guardian, JOHN LAAG, :
And JOHN LAAG Individually and in his :  **CA 04-1306-GMS**
Own right, plaintiffs :
              :
   vs.         :
              :
EDWARD J. CULLEN, JR., D.O., JAMES :
HERTZOG, M.D. and NEMOURS :
FOUNDATION d/b/a A. I. DuPONT HOSPITAL :
FOR CHILDREN, A Delaware Corporation :

### REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY FROM DEFENSE EXPERT SHEKHAR VENKATARAMAN, M.D.

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

Martin A. Schagrin_____
MARTIN A. SCHAGRIN
1218 Market Street
P.O. Box 1632
Wilmington, Delaware 19899
(302) 656-3155

**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

Date:
November 29, 2005   Robert N. Hunn_____
          ROBERT N. HUNN
          Kolsby, Gordon, Robin, Shore & Bezar
          Suite 2250, 1650 Market Street
          Philadelphia, PA 19103
          (215) 851-9700

          **Attorneys for Plaintiffs, Catherine Laag, a minor
          And John Laag, parent and natural guardian**

## TABLE OF CONTENTS

1.  PRELIMINARY STATEMENT                            `                          3

II. INACCURATE STATEMENTS CONTAINED IN                                         3
    DEFENDANTS' BRIEF

      A.  The Agreement Between Counsel Regarding The                           3
           Issuance of Expert Reports

      B.  When did Plaintiff Issue Expert Reports and Why?                      4

      C.  The Report of Katherine Biagas, M.D.                                  4

      D.  The Deposition of Katherine Biagas, M.D.                              5

III.  CONCLUSION                                                               5

I.     **PRELIMINARY STATEMENT**

The McCarter & English attorneys who filed the Answering Brief were never involved in discovery proceedings. Indeed, plaintiff's counsel had an excellent relationship with the McCarter & English attorneys who previously represented the defendants.  These new attorneys, with no personal knowledge of past events,  have filed a brief defaming plaintiff's counsel and painting him as a double talking lawyer who would rather attend holiday parties than depose a witness. Plaintiff's counsel will not engage in the gamesmanship challenge offered by new counsel.

The issue before the court is not the personal allegations lodged against plaintiff's counsel.  The issue before the court is whether the plaintiff suffers undue prejudice by the late issuance of Dr. Venkataraman's report which contains new defense theories.

II.     **INACCURATE STATEMENTS CONTAINED IN DEFENDANTS' BRIEF**

Due to the blistering and false attack on plaintiff counsel, plaintiff must set the record straight.

A.   **The agreement between counsel regarding the issuance of expert reports**

Plaintiff's counsel and defendants' prior attorney had an agreement regarding the issuance of expert reports. The agreement was very simply and very practical. It is the same agreement that plaintiff's counsel enters into in every case. In a nutshell, the issuance of late expert reports would not be a problem so long as a party was not prejudiced by the lateness.  This understanding is reflected in a letter attached as Exhibit "A" and is attached as Exhibit "E" to defendant's Answering Brief.  The letter specifically states, **"I am amenable to an extension of time for expert report until such time as the issuance of the report would be prejudicial for trial."** (Exhibit "A")  The idea of being mindful not to prejudice the other side was discussed with prior counsel.

3

**B.  When did Plaintiff issue expert reports and why?**

Although defendant goes to great lengths to paint plaintiff's counsel as a lazy attorney who could not abide by deadlines, the facts are quite different.

The deadline for plaintiff's expert reports was June 30, 2005. Plaintiff issued 3 expert reports on July 5th (five days after the deadline) (Exhibit "B") and two reports on July 11th (11 days after the deadline (Exhibit "C").  Later that month, prior defense counsel indicated that he did not receive the July 11th mailing. Plaintiff simply re-mailed the reports.

The reason plaintiff was a few days late in producing expert reports is actually spelled out in part in the email defendant has attached as Exhibit ""B" to defendant's Answering Brief.

    1.  Plaintiff first began requesting defendant depositions in January. (See, two letters in Exhibit "D.") Defendant did not produce deponents until May. In the April letter attached as Exhibit "D," plaintiff expressed her concern that May depositions may not give plaintiff sufficient time to issue reports by the deadline.

    2.  There is a time lag between taking the deposition, obtaining the transcripts, and forwarding transcripts to experts. That is why plaintiff sought to take depositions before May.

    3.  Plaintiff's counsel was on trial for a number of weeks in June and 3 hours away from his office.

Because it is not applicable to the Motion, plaintiff will not discuss the curious issues that arose with respect to the defendant's initial issuance of expert reports.

**C.  The report of Catherine Biagas, M.D.**

It is correct that plaintiff issued a report from Katherine Biagas, M.D. on or about October 4, 2005.  If the issuance of that report actually prejudiced the defense, plaintiff would have worked out the issue with prior defense counsel.  **At no time did the defense approach plaintiff and contend that the report, in some way, prejudiced the defendant**.[1]

---

[1] Initially, the report was issued so that plaintiff could have the same number of witnesses addressing the negligence issue as the defense.  Insofar as the court's Scheduling Order limits each side to one witness, Dr. Biagas  may only be a potential rebuttal witness.

It is plaintiff's position that the report of new defense expert Dr. Venkataraman is prejudicial not simply because it is late but because it contains new defense theories not previously identified in prior reports.

### D.    The deposition of Dr. Biagas

Defendants go to great lengths to paint plaintiff's counsel as uncooperative; one who would rather attend Christmas parties then take depositions and has repeatedly ignored defendants' requests for depositions. The November 8, 2005 email attached as Exhibit "E," which is an email between plaintiff's counsel and prior defense counsel's secretary, tells a much different story[2].

November 8th was the first time the defense approached plaintiff about scheduling Dr. Biagas' deposition. As indicated in the Exhibit "E" email, delays in scheduling expert depositions have been due to the defense having to schedule around the appearance of a risk manager from Nemours Foundation.  As indicated in the email, plaintiff worked very efficiently to provide the defense with their requested discovery including the deposition of Dr. Biagas.   As indicated in Exhibit "F" email, when defendant proposed on November 16th taking her deposition on December 16, 2005, plaintiff immediately informed the defense that Dr. Biagas was not available. The holiday party was not the issue.

Also attached as Exhibit "G" is an affidavit from plaintiff's counsel's secretary which sets the record straight regarding the firm holiday party and depositions.

## III.   <u>CONCLUSION</u>

With a trial date of January 17, 2006, the sole issue before the court is whether a new liability expert report, issued on November 16, 2005, unduly prejudices the plaintiff's ability to prepare for trial.  As indicated in Exhibit "H" plaintiff's counsel tried to work out issues with new defense counsel but to no avail.

---

[2] November 8, 2005 was the first time defendant contacted plaintiff about scheduling Dr. Biagas' deposition. As reflected in the email, the relationship with the defense was one where the parties could joke about how long it would take the defense to schedule depositions.

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

Martin A. Schagrin
MARTIN A. SCHAGRIN
1218 Market Street
P.O. Box 1632
Wilmington, Delaware  19899
(302) 656-3155

**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

Robert N. Hunn
ROBERT N. HUNN
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA  19103
(215) 851-9700

**Attorneys for Plaintiffs, Catherine Laag, a minor
And John Laag, parent and natural guardian**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, November 29, 2005, he caused to be served a copy of the forgoing Reply Brief In Support of Motion To Preclude Defense Expert Shekhar Venkataraman upon the following, counsel of record for the defense, via electronic filing and First Class Mail:

MICHAEL KELLY, ESQUIRE
McCarter & English
919 N. Market Street
Suite 1800
P.O. Box 111
Wilmington, DE  19899
(302) 984-6333

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

Martin A. Schagrin
MARTIN A. SCHAGRIN
1218 Market Street
P.O. Box 1632
Wilmington, Delaware  19899
(302) 656-3155

**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

Robert N. Hunn

ROBERT N. HUNN
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA  19103
(215) 851-9700