# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHERINE B. LAAG, a minor, by her Parent and Natural Guardian, JOHN LAAG, And JOHN LAAG Individually and in his Own right, plaintiffs | : : : : : | CASE NO.<br><br>**CA 04-1306-GMS** |
| vs. | : : | |
| EDWARD J. CULLEN, JR., D.O., JAMES HERTZOG, M.D. and NEMOURS FOUNDATION d/b/a A. I. DuPONT HOSPITAL FOR CHILDREN, A Delaware Corporation | : : : : | |

### ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S ECONOMIC EXPERT'S REPORT

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

Martin A. Schagrin_____
MARTIN A. SCHAGRIN
1218 Market Street
P.O. Box 1632
Wilmington, Delaware  19899
(302) 656-3155

**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

Date:
**December 1, 2005**   Robert N. Hunn_____
ROBERT N. HUNN
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA  19103
(215) 851-9700

**Attorneys for Plaintiff Catherine Laag, a minor
And John Laag, her parent and natural guardian**

**TABLE OF CONTENTS**

|      |                                                          | **PAGE** |
|------|----------------------------------------------------------|----------|
| I.   | NATURE AND STATE OF PROCEEDING                           | 4        |
| II.  | SUMMARY OF ARGUMENT                                      | 4        |
| III. | FACTS                                                    | 4        |
| IV.  | THE PURPOSE OF PLAINTIFF'S ECONOMIC EXPERT REPORT        | 4        |
| V.   | CONCLUSION                                               | 6        |

**TABLE OF AUTHORITIES**

|  | PAGE |
|---|---|
| **Gorniak v. National RR Passenger Corp**. 889 F.2d 481 (3rd Cir. 1989). | 6 |
| **Culley v. Pa. RR Co.**, 244 F.Supp. 710 (Del. Distr. Ct. 1965) | 6 |

I.    **NATURE AND STAGE OF PROCEEDINGS**

This is a medical malpractice action brought under diversity jurisdiction pursuant to 28 U.S.C. §1332. Trial is scheduled for January 17, 2006.

II.    **SUMMARY OF ARGUMENT**

Defendants do not accurately represent the purpose and import of plaintiff's economic expert report. The report does not present an opinion on how long Catherine Laag will live. It is for the jury to determine how long Catherine Laag will live. After the jury makes a determination on the issue of life expectancy, the report of Bunin Associates simply provides the jury with guidance on the present value of plaintiff's future medical care.

III.    **FACTS**

Plaintiff Catherine Laag was a patient at A.I. DuPont Hospital for Children under the care of pediatric critical care physician Edward J. Cullen, Jr., D.O. She was admitted to the hospital with pneumonia and expected to make a full recovery. Defendant Cullen, however, removed plaintiff's endotracheal tube when it was contra-indicated by her condition and despite the protests of the plaintiff's nurse. As a result, plaintiff suffered massive anoxic encephalopathy (brain damage) and is in a persistent vegetative state. Damages in this case include the cost of future medical care.

IV.    **THE PURPOSE OF PLAINTIFF'S ECONOMIC EXPERT REPORT**

Because plaintiff will incur ongoing medical expenses in the future, plaintiff's economist, Bunin Associates, simply discounts to present value the annual cost of future medical expenses.[1] (Exhibit "A") Plaintiff's economic report renders no opinions as to how long Catherine will live. That determination is solely within the province of the jury. Plaintiff's

---

[1] To age 60. See, infra.

economist simply provides the jury with guidance as to the present value of future medical expenses.

In this case, plaintiff will present evidence from certified life care planner Betsy Bates, R.N. of the yearly cost of future medical care for Catherine Laag. Ms. Bates' report is attached hereto as Exhibit "B." Plaintiff's pediatric neurology expert, Michael Katz, M.D. has rendered the following opinion with respect to plaintiff's life expectancy:

> "Life expectancy is simply an average number of years lived by a large group of similar persons. Life expectancy figures are an ever changing profile with life expectancies increasing for those born more recently. In evaluating Catherine's circumstances, i.e., the level of care she is receiving, her age at the time of the insult, her overall health including her health prior to the insult, and that she lived a year and a half since the severe anoxia occurred, it is my opinion that Catherine can be expected to live into her late 20's or early to mid-30's and assuming she stays healthy, **I believe it is reasonable to expect her to live even longer**." (emphasis added) (Exhibit "C")

In view of the above, the jury will hear evidence that Catherine Laag can live even beyond an average life expectancy. Life expectancy is simply an **average number of years** lived by a given number of similarly situated individuals**.** Various factors can affect any one person's life. How long the plaintiff will live and how much she should be awarded for future medical expenses are issues solely within the province of the jury. It is important to note that the jury will not be determining plaintiff's average life expectancy, but how long the plaintiff will actually live and the amount needed to sustain her life in the future. Plaintiff's economic expert report simply provides the jury with guidance for making their decision.

The defense has not raised a true <u>Daubert</u> issue. Defendants have not, and cannot, cite a single case which permits a court, under <u>Daubert,</u> to determine at what point in the future, the jury should not hear evidence of the present value of future medical expenses. In this case, the jury will not only hear evidence regarding the life expectancy of a child in a persistent vegetative state, but also that the average life expectancy for a person with Down Syndrome is 60 years. Based on this and all the other evidence at trial, it is for the jury to decide how long plaintiff will

5

live and the future amount of medical expenses she will incur. Plaintiff's economist's report simply provides the jury the tools necessary to make a fully informed decision.

In cases involving the reduction of a future expense to present value, the focus is on whether the plaintiff produced sufficient evidence to guide the jury in determining an appropriate discount factor and in performing the mathematical calculations involved in reducing an awarded to present value. <u>Gorniak v. National RR Passenger Corp</u>. 889 F.2d 481 (3rd Cir. 1989). Clearly, the report of Bunin Associates meets those two criteria. Moreover, life expectancy is a guide, not a formula which a judge or jury is compelled to apply. <u>Culley v. Pa. RR Co</u>., 244 F.Supp. 710 (Del. Distr. Ct. 1965). Consequently, the report of plaintiff's economist and the report of plaintiff's life expectancy expert properly provide the jury with information necessary to adjudicate plaintiff's future medical expenses and future medical needs.[2]

Lastly, there is no basis to question the methodology used by Bunin Associates. Their methodology is clearly spelled out in their report and is the methodology utilized to discount future medical expenses to present value.

V.  **CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that this Honorable Court deny defendant's Motion In Limine to exclude plaintiff's economic expert's report.

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

<u>Martin A. Schagrin</u>
MARTIN A. SCHAGRIN
1218 Market Street

---

[2] Indeed, it is curious that the defense presented this motion to the court. Defendant's life expectancy expert, Donald Younkin, M.D. has opined that plaintiff's life expectancy is twelve years. Nonetheless, defendants' own economist calculated future medical expenses beyond the twelve year life expectancy opined by defendant's own life expectancy expert.

P.O. Box 1632
Wilmington, Delaware  19899
(302) 656-3155

**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

<u>Robert N. Hunn</u>
ROBERT N. HUNN
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA  19103
(215) 851-9700

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, December 1, 2005, he caused to be served a copy of the forgoing Answering Brief In Opposition To Defendant's Motion In Limine To Exclude Plaintiff's Economic Expert's Report on counsel of record for the defense, via electronic filing and First Class Mail:

        MICHAEL KELLY, ESQUIRE
        McCarter & English
        919 N. Market Street
        Suite 1800
        P.O. Box 111
        Wilmington, DE  19899
        (302) 984-6333

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

Martin A. Schagrin
MARTIN A. SCHAGRIN
1218 Market Street
P.O. Box 1632
Wilmington, Delaware  19899
(302) 656-3155

**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

Robert N. Hunn
ROBERT N. HUNN
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA  19103
(215) 851-9700