# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHERINE B. LAAG, a minor, by her Parent and Natural Guardian, JOHN LAAG, And JOHN LAAG Individually and in his Own right, plaintiffs | : : : : : | CASE NO.<br><br>**CA 04-1306-GMS** |
| vs. | : : | |
| EDWARD J. CULLEN, JR., D.O., JAMES HERTZOG, M.D. and NEMOURS FOUNDATION d/b/a A. I. DuPONT HOSPITAL FOR CHILDREN, A Delaware Corporation | : : : : | |

### ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF MICHAEL KATZ, M.D. REGARDING PAIN AND SUFFERING

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

Martin A. Schagrin
MARTIN A. SCHAGRIN
1218 Market Street
P.O. Box 1632
Wilmington, Delaware 19899
(302) 656-3155

**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

Date:
**December 1, 2005**

Robert N. Hunn
ROBERT N. HUNN
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA 19103
(215) 851-9700

**Attorneys for Plaintiff Catherine Laag, a minor
And John Laag, her parent and natural guardian**

## TABLE OF CONTENTS

| | |
|---|---|
| NATURE AND STAGE OF PROCEEDINGS | 4 |
| SUMMARY OF ARGUMENT | 4 |
| FACTS | 4 |
| DEFENDANT HAS NOT FILED A TRUE DAUBERT MOTION | 5 |

# TABLE OF CITATIONS

**FEDERAL CASES**                                                   **PAGE**

In re TMI Litigation                                                5
193 F. 3d 613 (3rd Cir. 1999)

Schneider v. Fried, D.O.                                            6
320 F. 3d 396 (3rd Cir. 2003)

In Re Paoli RR Yard PCB Litigation                                  6
35 F.3d 717 (3rd Cir. 1994)

**ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF MICHAEL KATZ, M.D. REGARDING LIFE EXPECTANCY**

I. **NATURE AND STAGE OF PROCEEDINGS**

This medical malpractice action is before this court pursuant to 28 U.S.C. §1332. Trial is scheduled for January 17, 2005.

II. **SUMMARY OF ARGUMENT**

As in all of defendants' Motions in Limine, defendants misapply Daubert to preclude testimony from an expert witness for the plaintiff. Here, and under the guise of a Daubert motion, defendant seeks to preclude an answer to a question that the defense asked of plaintiff's pediatric neurology expert, simply because defendants did not like the answer given. Since the expert never opined that a person in a persistent vegetative state experiences "pain" (as that term is commonly used), there is no basis for defendants' motion.

III. **FACTS**

As a result of the negligence of defendant Edward Cullen, Jr. D.O., 10 year old Catherine Laag suffered massive brain damage and is in a persistent vegetative state. Plaintiff engaged the services of pediatric neurologist Michael Katz, M.D. to examine plaintiff and issue a report, inter alia, on her condition (Katz Report; Exhibit "A"). Nowhere in the report does Dr. Katz render an opinion on whether a child in a persistent vegetative state experiences pain and suffering.

However, at his deposition, defendants asked Dr. Katz whether a child in a persistent vegetative state feels pain. (Katz dep.; Exhibit "B"). Defendant's Brief, however, does not set forth the entire question and answer. On page 23, starting at Line 24, Dr. Katz explained that it is more appropriate to say that a person in a persistent vegetative state does not localize pain. He explains that when such a person has blood drawn or under goes a painful procedures, they may cry or show signs of being uncomfortable and have an elevated heart rate. (Katz dep. pp. 23-24; Exhibit "B").

At page 60 of Dr. Katz's deposition, the defense asked him the same question about pain. Instead of repeating the same answer given on page 24, Dr. Katz explained that a concept exists in medicine whereby people in a persistent vegetative state are treated respectfully and cautiously in order to minimize any pain they may experience. (Katz dep. pp.60-62; Exhibit "B")

## IV.     DEFENDANT HAS NOT FILED A TRUE DAUBERT MOTION

Under Daubert and its progeny, the test of admissibility is not whether a particular scientific opinion has the best foundation, or even whether the opinion is supported by the best methodology or unassailable research. Rather, the test is whether the particular opinion is based on valid reasoning and reliable methodology. In Re TMI Litigation, 193 F. 3d 613 (3rd Cir. 1999).

Here, defendants' have filed a motion to preclude Dr. Katz from testifying that a person in a persistent vegetative state experiences pain. **But Dr. Katz never testified that such a patient experiences pain. Dr.** Katz answered the deposition question based on his clinical experience. Dr. Katz testified very clearly that it is more accurate to state

5

that a person in a persistent vegetative state does not experience localized pain. He explained that such people will cry or show visible signs that they are uncomfortable if presented with a noxious stimuli.

In medicine, conclusions are often drawn from clinical observation and experience. A physician's experience is a valid basis upon which to reach a conclusion on certain topics. See, e.g., Schneider v. Fried, D.O., 320 F.3d 396 (3rd Cir. 2003). Clearly, the defense cannot argue that a person cannot form an opinion about distress or discomfort from observing a person's reaction to stimuli. For example, physician's customarily make a determination as to whether a person is experiencing discomfort by palpating on the patient's body and observing the patient's reaction.

Defendant wrongly posture that under Daubert, any and all conclusions stated by an expert must appear in a peer-reviewed literature. This is not correct. An expert's opinion does not have to be based solely on a peer-reviewed article under Daubert. Citing to a peer-reviewed article is not a dispositive factor under a Daubert analysis. In Re Paoli RR Yard PCB Litigation, 35 F. 3d 717 (3rd Cir. 1994).

In short, defendant simply asked a question of plaintiff's expert and did not like the answer. Plaintiff's expert, Dr. Katz, did not opine that a person is a persistent vegetative state experiences pain. Moreover, Dr. Katz's answer to the same question later in his deposition, merely serves to educate how he and others take care when treating a person in a persistent vegetative state. When reasonable viewed, Dr. Katz's statements are appropriate and cannot be precluded under a Daubert analysis.

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

<u>Martin A. Schagrin</u>
MARTIN A. SCHAGRIN
1218 Market Street
P.O. Box 1632
Wilmington, Delaware  19899
(302) 656-3155

**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

<u>Robert N. Hunn</u>
ROBERT N. HUNN
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA  19103
(215) 851-9700

**Attorneys for Plaintiffs, Catherine Laag, a minor
And John Laag, parent and natural guardian**

## *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that on this date, December 1, 2005, he caused to be served a copy of the forgoing Answering Brief to Defendants' Motion in Limine to Exclude Testimony from Michael Katz, M.D. Regarding Pain andSuffering upon the following, counsel of record for the defense, via electronic filing and First Class Mail:

>MICHAEL KELLY, ESQUIRE
>McCarter & English
>919 N. Market Street
>Suite 1800
>P.O. Box 111
>Wilmington, DE  19899
>(302) 984-6333

>**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

>Martin A. Chagrin
>MARTIN A. SCHAGRIN
>1218 Market Street
>P.O. Box 1632
>Wilmington, Delaware  19899
>(302) 656-3155

>**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

>Robert N. Hunn
>ROBERT N. HUNN
>Kolsby, Gordon, Robin, Shore & Bezar
>Suite 2250, 1650 Market Street
>Philadelphia, PA  19103
>(215) 851-9700