# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHERINE B. LAAG, a minor, by her Parent and Natural Guardian, JOHN LAAG, And JOHN LAAG Individually and in his Own right, plaintiffs | : : : : : | CASE NO. CA 04-1306-GMS |
| vs. | : : | |
| EDWARD J. CULLEN, JR., D.O., JAMES HERTZOG, M.D. and NEMOURS FOUNDATION d/b/a A. I. DuPONT HOSPITAL FOR CHILDREN, A Delaware Corporation | : : : : | |

### ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF MICHAEL KATZ, M.D. ON LIFE EXPECTANCY

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

Martin A. Schagrin_____
MARTIN A. SCHAGRIN
1218 Market Street
P.O. Box 1632
Wilmington, Delaware 19899
(302) 656-3155

Date:
**December 1, 2005**   **KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

Robert N. Hunn_____
ROBERT N. HUNN
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA 19103
(215) 851-9700

**Attorneys for Plaintiff Catherine Laag, a minor
And John Laag, her parent and natural guardian**

# TABLE OF CONTENTS

| | | PAGE |
|---|---|---|
| I. | NATURE AND STAGE OF PROCEEDINGS | 4 |
| II. | SUMMARY OF ARGUMENT | 4 |
| III. | FACTS | 4 |
| IV. | DAUBERT WAS NEVER MEANT TO USURP THE JURY'S ROLE IN WEIGHING THE EVIDENCE | 4 |
| V. | DR. KATZ' OPINION ON LIFE EXPECTANCY IS BASED ON RELIABLE METHODOLOGY | 5 |
| VI. | THE THIRD CIRCUIT HAS PREVIOUSLY REJECTED ARGUMENTS PRESENTED BY THE DEFENSE AS THEY ARE NOT VALID DAUBERT ARGUMENTS | 7 |

**TABLE OF CITATIONS**

|  | PAGE |
|---|---|
| **FEDERAL CASES** | |
| <u>In Re Paoli Railroad Yard PCB Litigation</u>, 35 F.3d 717 (3rd Cir. 1994) | 4 |
| <u>In Re TMI Litigation</u>, 192 F.3d 613 (3rd Cir. 1999) | 5 |
| <u>Kannankeril v. Terminix International, Inc.</u>, 128 F.3d 802 (3rd Cir. 1997) | 5 |
| <u>Schneider v. Fried, D.O.</u>, 320 F. 3d 396 (3rd Cir. 2003) | 7 |
| | |
| **MISCELLANEOUS** | |
| Strauss D,. Shavelle R, Ashwal S, Life Expectancy and Median Survival Time in the Permanent Vegetative State, Peds Neuro. 21:626 (1999) | 4 |
| Eyman, R., et al, The Life Expectancy of Profoundly Handicapped People with Mental Retardation, New Eng. Jour. Of Med, 9:584 (1993) | 6 |

I.   **NATURE AND STAGE OF PROCEEDINGS**

This is a medical malpractice action before this court pursuant to 28 U.S.C. §1332. Trial is scheduled for January 17, 2006.

II.   **SUMMARY OF ARGUMENT**

In medical negligence cases, a defendant will often misapply <u>Daubert</u> in an effort to preclude a plaintiff's expert's testimony. Here, and under the guise of a <u>Daubert</u> motion, defendants do not attack the methodology by which Dr. Katz arrived at his opinion on life expectancy. Rather, defendant asks this court to usurp the function of the jury and weigh the evidence in their favor and against Dr. Katz' conclusion. Indeed, defendant's motion asks this court to adopt statements found in one medical article as the rule of law for this case. Because the defense does not raise a true <u>Daubert</u> issue, defendants' motion must be denied.

III.   **FACTS**

As a result of the negligence of defendant Edward Cullen, Jr. D.O., 10 year old Catherine Laag suffered massive brain damage and is in a persistent vegetative state. Damages in this case include her on-going future medical expenses. At issue is her life expectancy.

IV.   **DAUBERT WAS NEVER MEANT TO USURP THE JURY'S ROLE IN WEIGHING THE EVIDENCE**

Here, defendants point to one article in the vast world of medical literature as the only article[1] which an expert's opinion should be based on in this case. This is not a <u>Daubert</u> argument but one that goes to the weight to be given an expert's opinion. A true <u>Daubert</u> argument

---

[1] Strauss D, Shavelle R, Ashwal S, Life Expectancy and Median Survival Time in the Permanent Vegetative State, Peds Neuro. 21:626 (1999) (hereinafter, "S-S-A Article") (Exhibit "A")

4

analyzes a trilogy of restrictions on an expert's opinion: qualification, reliability and fit. In re Paoli Railroad Yard PCB Litigation, 35 F.3d 717 (3rd Cir. 1994).

Under Daubert, the reliability of expert testimony is simply to determine if the opinion is based on methods and procedures of science rather than subjective belief and unsupported speculation. Paoli, supra. **"The test of admissibility is not whether a particular scientific opinion has the best foundation, or even whether the opinion is supported by the best methodology. Rather the test is whether the particular opinion is based on valid reasoning and reliable methodology." (emphasis added)** In re TMI Litigation, 192 F. 3d 613 (3rd Cir. 1999). "The goal is reliability, not certainty." Kannankeril v. Terminix International Inc., 128 F. 3d 802 (3rd Cir. 1997).

Defendant's motion fails because it asks this court to rule that life expectancy opinions can only be base on the S-S-A Article and nothing else.

**V.    DR. KATZ'S OPINION ON LIFE EXPECTANCY IS BASED ON RELIABLE METHODOLOGY**

Defendant's motion actually misrepresents the basis of Dr. Katz opinion on life expectancy. Life expectancy is nothing more than a medical prognosis. A physician's prognosis is customarily based on numerous factors, none of which can be disputed by the defendants. These factors include the relevant medical literature on the topic, the level of medical care a patient is receiving, the patient's health before the incident, the patient's health after the incident, and the physician's own clinical experience and clinical judgment on the topic.

It is these factors or methods of analysis that Dr. Katz took into consideration in rendering his opinion. First, although defendants' posture that Dr.Katz only reviewed one article, Dr. Katz actually testified that he reviewed numerous articles issued over the years on the subject of life expectancy. (Katz dep. p. 37; Exh. "B") Since these articles indicate that over time life expectancy is increasing, Dr. Katz took that into consideration. (Katz dep. p. 37 p. Exhibit "B").

5

In fact, the last article published on the subject--- the S-S-A Article---specifically states that it under estimates life expectancy of children in a persistent vegetative state. (Exhibit "A").

Additionally, Dr. Katz's opinion was based on his own clinical examination of the patient (Katz dep. p. 38; Exh. "B"). Clinically ascertaining the health of a patient to prognosticate on the health and life expectancy of the patient is an established method of developing a prognosis. Although defense life expectancy expert Donald Younkin M.D. did not examine the plaintiff he acknowledged that it was a factor that should be considered. (Younkin dep. p. 46, Exhibit "C").

Plaintiff's expert also took into consideration the plaintiff's health before and after she was put in a persistent vegetative state. As reflected in the 1993 Eyman study on life expectancy (Exhibit "D") the health and medical needs of the patient is a factor considered in presenting a prognosis on life expectancy.

Dr. Katz took into consideration the level of medical care the plaintiff is receiving in formulating his opinion. Even defense expert, Donald Younkin, M.D. acknowledged that the level of care a patient is receiving is a factor in connection with their life expectancy. (Younkin Dep. p.26; Exhibit "C")

Lastly, plaintiff's expert Dr. Katz took into consideration his own personal experience in treating individual's in a persistent vegetative state. (Katz dep. p.45; Exhibit "B"). It is curious for the defense to argue that a physician's own experience does not play a role in clinical judgment when their own expert took into consideration his personal experience as a pediatric neurologist as well. (Younkin Report; Exh. "E").

In sum, Dr. Katz' conclusion regarding the plaintiff's life expectancy is based on factors and methods that physicians customarily take into consideration when forming a prognosis regarding a patient's health.

VI. **THE THIRD CIRCUIT HAS PREVIOUSLY REJECTED ARGUMENTS PRESENTED BY THE DEFENSE AS THEY ARE NOT VALID DAUBERT ARGUMENTS**

As previously noted, defendants are not presenting true Daubert arguments. Rather, the defense attacks the conclusion reached by Dr. Katz based solely on self-serving statements lifted from the S-S-A Article. Our Third Circuit in Schneider v. Fried, D.O., 320 F. 3d 396 (3rd Cir. 2003) has rejected the arguments which defendants now present to this court.

For example, defendant tries to make a mountain out of a mole-hill because Dr. Katz figuratively used the words "best guess" at one point during his deposition. As was his right, Dr. Katz corrected this miss-statement in his errata sheet. In Schneider, the 3rd Circuit rejected defendant's argument to preclude testimony from plaintiff's expert because he misspoke about defining the standard of care. The court found that from his entire testimony, a jury could find that his testimony had a reliable basis. Id. at 409. Moreover, the defense fails to acknowledge that their own expert, Dr. Younkin, misspoke at his deposition and called his conclusion a "guess." (Younkin dep. p. 25; Exh. "C").

The gravamen of defendants' motion is spent misrepresenting the basis for Dr. Katz's opinion and then comparing it to selected statements appearing in the S-S-A Article. For example, defendants posture to this court that the S-S-A Article "is the best that medical science has to offer" and then chastises Dr. Katz **conclusion** for not being 100% in agreement with statements appearing in this one article.

In Schneider, the 3rd Circuit made clear that the Daubert does not require an expert's conclusion to be based on selected statements appearing in a medical article. Indeed, in Schneider, the defense attacked plaintiff's expert opinion because it was not on point with certain medical literature. The 3rd Circuit rejected this argument finding that under Daubert there is no requirement that an expert's conclusion also appear in a peer reviewed medical article for it to be admissible. Id.

7

Additionally, defendant chastises the conclusion rendered by Dr. Katz on the grounds that it was based in part on his personal experience as a pediatric neurologist. However, in <u>Schneider</u>, the court acknowledged that an expert's opinion in medicine can be based on their own clinical experiences. As previously noted, the defense expert Dr. Younkin based his opinion on his own experience as well. (Younkin Report; Exhibit "E")

In the final analysis, defense expert Younkin opines that the plaintiff's life expectancy is 12 years (the 1999 S-S-A Article states that life expectancy is 12 years). The defense will argue that plaintiff will die by the age of 22. Dr. Katz, however, has reviewed numerous articles issued over the years, as well as other factors, and concluded that life expectancy is increasing over time. Therefore, instead of Catherine dieing at the age of 22, he opines that Catherine's life expectancy falls within the late 20's to mid- 30's range and if she remains in the health she is currently in, Catherine could live even longer. There is nothing unreliable in the methodology used by Dr. Katz in reaching his opinion. Defendant's <u>Daubert</u> motion must be denied.

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

<u>Martin A. Schagrin</u>
MARTIN A. SCHAGRIN
1218 Market Street
P.O. Box 1632
Wilmington, Delaware  19899
(302) 656-3155

**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

<u>Robert N. Hunn</u>
ROBERT N. HUNN
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA  19103
(215) 851-9700

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, December 1, 2005, he caused to be served a copy of the forgoing Answer to Defendant's Motion In Limine to Exclude the Testimony of Michael Katz on Life Expectancy, on counsel of record for the defense, via electronic filing and First Class Mail:

        MICHAEL KELLY, ESQUIRE
        McCarter & English
        919 N. Market Street
        Suite 1800
        P.O. Box 111
        Wilmington, DE  19899
        (302) 984-6333

**BERKOWITZ, SCHAGRIN, & COOPER, P.A.**

Martin A. Schagrin_____
MARTIN A. SCHAGRIN
1218 Market Street
P.O. Box 1632
Wilmington, Delaware  19899
(302) 656-3155

**KOLSBY, GORDON, ROBIN, SHORE & BEZAR**

Robert N. Hunn_____
ROBERT N. HUNN
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA  19103
(215) 851-9700