IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE B. LAAG, a minor, by her Parent and Natural Guardian, JOHN LAAG, and JOHN LAAG, Individually and in his own right, | : <br> : <br> : Civil Action No.: 04-1306-GMS <br> : |
| Plaintiffs, | : <br> : JURY TRIAL DEMANDED |
| v. | : <br> : |
| EDWARD J. CULLEN, JR., D.O., JAMES HERTZOG, M.D. and NEMOURS FOUNDATION d/b/a A. I. DUPONT HOSPITAL FOR CHILDREN, a Delaware Corporation, | : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE TO
EXCLUDE PLAINTIFFS' ECONOMIC EXPERT'S REPORT**

        Michael P. Kelly (Del. Bar ID #2295)
        A. Richard Winchester (Del. Bar ID #2641)
        Andrew S. Dupre (Del. Bar ID #4621)
        McCARTER & ENGLISH, LLP
        919 North Market Street, St. 1800
        P. O. Box 111
        Wilmington, DE 19899
        (302) 984-6300

        Attorneys for Defendants,
        Edward J. Cullen, Jr., D.O.,
        James Hertzog, M.D. and Nemours
        Foundation d/b/a A.I. DuPont
        Hospital for Children

Dated: December 8, 2005

# TABLE OF CONTENTS

Page

ARGUMENT ...................................................................................................................................1

    I.       The Economic Report Offers A Life Expectancy Opinion Contradicted
           By All The Evidence ................................................................................................1

    II.      Dr. Katz Did Not Opine To Life Expectancy Beyond Age 32 ..................................2

    III.     The Economic Report Is Also Irrelevant, Misleading, And Unfairly
           Prejudicial ................................................................................................................3

CONCLUSION ................................................................................................................................3

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ..........................................3

*Marcel v. Placid Oil Company*, 11 F.3d 563 (5th Cir. 1994) ........................................................1

*In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)...................................2

*Stramara v. Dorsey Trailers, Inc.*, 1998 WL 848053 (E.D. Pa. 1998)............................................1

## FEDERAL STATUTES AND RULES

Fed. R. of Evid. 702 ........................................................................................................................2

Fed. R. of Evid. 403 ........................................................................................................................3

**ARGUMENT**

Plaintiffs' Answering Brief rests on the premise that, since the jury will ultimately decide how much to compensate Ms. Laag for her injury, Plaintiffs' economic expert is free to ignore the facts that she is in PVS, and requires both a feeding tube and a ventilator. Further, argue Plaintiffs, the economic expert may offer into evidence an opinion based on the assumption that Ms. Laag will live to the life expectancy of a typical person with Downs Syndrome, when even Plaintiffs' own medical expert expressly contradicts that premise. Because this argument is legally incorrect, Defendants' Motion should be granted.

I.  The Economic Report Offers A Life Expectancy Opinion Contradicted By All The Evidence

The Answering Brief incorrectly states that "Defendants have not, and cannot, cite a single case which permits a Court, under *Daubert*, to determine at what point in the future the jury should not hear evidence of the present value of future medical expenses." Pl. Ans. Br. at 5. In fact, the principle that life expectancy numbers outside the usual mortality tables must be supported by expert testimony is well established. *See e.g. Marcel v. Placid Oil Company*, 11 F.3d 563, 565 (5th Cir. 1994)(*Daubert* analysis of expert testimony that plaintiff was in a more narrow class of life expectancy than that of general mortality); *Stramara v. Dorsey Trailers, Inc.*, 1998 WL 848053 (E.D. Pa. 1998)(*Daubert* analysis requiring expert testimony that plaintiff's life expectancy was outside the standard mortality tables due to drug abuse) (Exhibit A). That, however, is not Plaintiffs' only error. Of even greater import to this Motion, and contrary to their Answering Brief, Plaintiffs' Economic Expert Report (Exhibit B, the "Report") absolutely does render an opinion on life expectancy: "For purposes of this report, a total life span of 58.6 years will be utilized in calculating the future medical costs" See, e.g., Ex. B at 1, 3. If the Report does not opine that it is necessary to compensate the plaintiff for life care until age 58.6, why does it stop at that age instead of, for example, the average life expectancy of the general population?

The Report pulls the 58.6 number from an article entitled "The Changing Survival Profile of People with Downs Syndrome: Implications for Genetic Counseling." That article, however, predicts life expectancy for a median, or typical, person with Downs Syndrome. It has no bearing on a life expectancy

1

analysis for a person, like Ms. Laag, in PVS which, all the experts in this case and the entire corpus of medical literature agree, drastically decreases one's life expectancy. In other words, the life expectancy opined to by the Report has no connection to the facts of this case and no support in science.[1] The Report contains fundamental errors in its analysis that render it scientifically unreliable. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994). For this reason alone, it must be excluded.

II.    Dr. Katz Did Not Opine To Life Expectancy Beyond Age 32

Plaintiffs' fallback argument is that a single vague sentence in Dr. Katz's expert report supports the Report's opinion. At deposition, however, Dr. Katz repeatedly stated that his maximum life expectancy was 32 years.

> Q: What are you saying [for life expectancy], 28 to 32?
> A: Yes, that is what I am saying.
> ***
> Q: So I said something around 32 years of age, is that about what you are saying?
> A: That's my best guess. Ex. C hereto at 39-40.

Plaintiffs' attempt to rationalize a link from the Report to the scientific testimony, while correctly recognizing the necessity for doing so for *Daubert* purposes, therefore is not supported by the record. No one, not Defendants' medical experts, not Plaintiffs' medical experts, and not a single author of a single piece of scientific or medical literature, has suggested that the plaintiff will live to age 58. Dr. Katz, *Plaintiffs' Expert*, does not support the life expectancy found in the Report; in fact, he contradicts it by offering a life expectancy of age 32. The Report has no foundation in the record, and no support in medical science. It is, therefore, neither "the product of reliable principles" nor "applied…reliably to the facts of the case." As such, it is wholly inadmissible under Fed. R. of Evid. 702.

---

[1] Plaintiffs argue that, "the jury will not only hear evidence regarding the life expectancy of a child in a persistent vegetative state, but also the average life expectancy of a person with Downs Syndrome." That, again, is not correct. None of the claims pled in the Amended Complaint require an analysis of how long the plaintiff would have lived but for the accident. It is agreed that her pre-existing disabilities left her with no substantive vocational potential; there is therefore no claim for lost earnings or support to family members. The only facts at issue in this context are how long the plaintiff will actually live, and what is the cost of a lifetime of care for her.

III.    The Economic Report Is Also Irrelevant, Misleading, And Unfairly Prejudicial

The Report, if presented to the jury, will place the stamp of an "expert" on a life expectancy number unsupported by any medical expert in the case, or any science whatsoever. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it … Conjectures that are probably wrong are of little use, however, in the project of reaching a quick, final, and binding legal judgment -- often of great consequence -- about a particular set of events in the past." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595-597 (1993). The life expectancy of 58.6 offered by the Report indisputably is wrong, does not fit the facts of the case, and is therefore irrelevant under Fed. R. of Evid. 401. It also, as the Supreme Court warned in *Daubert*, carries a substantial danger of misleading the jury into believing there is some scientific support for a life expectancy of 58.6 years under these facts when, in fact, there is not. It would be confusing and unfairly prejudicial to force Defendants to rebut a life expectancy number that even Plaintiffs' medical experts will not support. The Report therefore also is inadmissible under Fed. R. of Evid. 403.

## CONCLUSION

For all of these reasons, Defendants pray that their Motion *In Limine* To Exclude Plaintiffs' Economic Expert Report be granted.

    McCARTER & ENGLISH, LLP

    /s/ Michael P. Kelly

    _____
    MICHAEL P. KELLY (DE ID# 2295)
    A. Richard Winchester (DE ID#2641)
    Andrew S. Dupre (DE ID#4621)
    919 North Market Street, Suite #1800
    Wilmington, DE 19899
    (302) 984-6300
    Attorney for Defendants

Dated: December 8, 2005

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 8th day of December, he caused to be served via e-file a copy of the foregoing pleading upon the following counsel of record for the plaintiffs:

Robert N. Hunn, Esquire
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA  19103

Martin A. Schagrin, Esquire
Berkowitz, Schagrin & Cooper, P.A.
1218 Market Street
P. O. Box 1632
Wilmington, DE  19899

McCARTER & ENGLISH, LLP

/s/ Michael P. Kelly
_____
Michael P. Kelly (DE ID# 2295)
919 North Market Street, Suite #1800
P. O. Box 111
Wilmington, DE  19899
(302) 984-6300
Attorney for Defendants