IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE B. LAAG, a minor, by her Parent and Natural Guardian, JOHN LAAG, and JOHN LAAG, Individually and in his own right, | :<br>:<br>: Civil Action No.: 04-1306-GMS |
| Plaintiffs, | :<br>: |
| v. | : JURY TRIAL DEMANDED<br>: |
| EDWARD J. CULLEN, JR., D.O., JAMES HERTZOG, M.D. and NEMOURS FOUNDATION d/b/a A. I. DUPONT HOSPITAL FOR CHILDREN, a Delaware Corporation, | :<br>:<br>:<br>: |
| Defendants. | :<br>: |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE TO
EXCLUDE THE TESTIMONY OF
<u>MICHAEL KATZ, M. D. REGARDING LIFE EXPECTANCY</u>**

Michael P. Kelly (Del. Bar ID #2295)
A. Richard Winchester (Del. Bar ID #2641)
Andrew S. Dupre (Del. Bar ID #4621)
McCARTER & ENGLISH, LLP
919 North Market Street, St. 1800
P. O. Box 111
Wilmington, DE  19899
(302) 984-6300

Attorneys for Defendants,
Edward J. Cullen, Jr., D.O.,
James Hertzog, M.D. and Nemours
Foundation d/b/a A.I. DuPont

Dated:  December 8, 2005

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................1

    I.    Plaintiffs' Attempt to Broaden The Scientific Basis For The Opinion Fails ..........................................................................................................................1

    II.    Dr. Younkin's Testimony Does Not Support Dr. Katz's *Ipse Dixit* Conclusions ...............................................................................................................2

    III.    Dr. Katz's "Guess" is a Substantive, rather than Semantic, Problem .......................2

    IV.    *Schneider* Did Not Overrule *Daubert*'s Requirement Of Scientific Reliability .................................................................................................................3

CONCLUSION ........................................................................................................................3

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) .................................. 2, 3

*General Electric Co. v. Joiner*, 522 U.S. 136 (1997) .................................................................. 3

*Schneider v. Fried*, 320 F. 396 (3rd Cir. 2003) ......................................................................... 1, 3

## FEDERAL STATUTES AND RULES

Fed. R. of Evid. 702 ................................................................................................................. 3

**ARGUMENT**

Plaintiffs' Answering Brief argues that this is not a "true" *Daubert* motion because it does not attack the "methodology" that Dr. Katz used to reach the conclusion that the plaintiff will live nearly double the maximum life expectancy predicted by authoritative medical research. Plaintiffs are wrong. In fact, the Opening Brief identifies each factor on which Dr. Katz claimed to have based his opinion and shows, step by step, why each one is scientifically unreliable. *Daubert* requires that "[Expert] testimony must be reliable; it must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation." *Schneider v. Fried*, 320 F. 396, 404 (3rd Cir. 2003)(quotation marks omitted). Dr. Katz's opinion manifestly flunks this test.

I.   Plaintiffs' Attempt to Broaden The Scientific Basis For The Opinion Fails.

Plaintiffs' principle critique of this motion is that it cites the S-S-A Study (Ex. A hereto), which Dr. Katz averred was his "number one" source for reaching his opinion (Ex. B hereto at 37). Plaintiffs argue that, even though Dr. Katz testified he relied upon only that one article, he actually "considered" several others. In fact, Dr. Katz purports to rely only upon the S-S-A Study, and nothing else. The only time Dr. Katz ever mentions any other articles (none of which he names) is to acknowledge that the S-S-A Study offers the highest life expectancy range of any peer-reviewed medical research. *Id.* He then flatly rejects the S-S-A Study's findings in favor of his own life expectancy number which is not just unsupported, but entirely refuted by the entire corpus of medical literature. *Indeed, the article attached as Exhibit E to the Answering Brief, offered as an additional basis for Dr. Katz's opinion, states a maximum life expectancy for a patient like the plaintiff of 4 to 5 years, rather than the 22 offered by Dr. Katz and the 12 years offered by the S-S-A Study.* Pl. Ans. Br. Ex. E at 584, 587 (See *Abstract*, at 584: "Immobile subjects were found to have a much shorter life expectancy than those who could move about. Those who also required tube feeding (subgroup 1) had a very short life expectancy (i.e. four to five additional years)").

1

II.    Dr. Younkin's Testimony Does Not Support Dr. Katz's *Ipse Dixit* Conclusions

Plaintiffs' next attempt to establish the missing scientific basis for Dr. Katz's opinion is to suggest that Dr. Younkin, Defendants' expert, used the same methodology. Dr. Younkin, however, unlike Dr. Katz, applied to his analysis the numerous peer-reviewed studies showing that any variance in quality of care above a very minimal level has no bearing on life expectancy (Ex C hereto at 26-28). Dr. Younkin also understood that the entire body of medical research on this topic, the S-S-A Study being the most recent and most beneficial to Plaintiffs, already considered the effect of good health and good care in reaching maximum predictable life expectancies. *Id.* at 31. Dr. Younkin therefore considered these factors and, being as liberal as possible while still maintaining a reasonable degree of scientific accuracy, opined that plaintiff will live to near the maximum life expectancy identified in the authoritative research. *Id.* at 39. Dr. Katz, using a scientifically unreliable method, double-counted these factors and, predictably, reached a life expectancy number almost double what the peer-reviewed research supports. Dr. Katz then used the fig leaf of "personal experience" to conceal the total lack of scientific support for his opinion. Dr. Younkin's method is reliable, verifiable, objective, peer-reviewed, and followed clear rules which are capable of stating a result within a 95% confidence interval. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-4 (1993). Dr. Katz pulled a number out of the air. Their two methods are entirely different. Dr. Younkin's is scientific. Dr. Katz's is unsupported *ipse dixit*.

III.    Dr. Katz's "Guess" is a Substantive, rather than Semantic, Problem

Plaintiffs next argue that Dr. Katz merely misspoke when he termed his opinion a "guess," and that such a misstatement is not a proper basis for preclusion. Dr. Katz's opinion, however, is not inadmissible because he said it is a guess; it is inadmissible because it actually is a guess. Dr. Katz ignores, obviously misconstrues, or rejects the entire corpus of medical science on this topic (only one article of which he cites), to reach an opinion doubling the maximum life expectancy in any scientific material he could find. The only basis for doing so is his "personal experience." If mere personal experience without any scientific basis were enough to pass *Daubert* muster, Dr. Katz would be free to opine that PVS will have no impact at all on plaintiff's life expectancy, and that she will live an additional

2

50 years, as does Plaintiffs' economic expert. He could equally testify that, based on his "personal experience," PVS improves a person's life expectancy (less risk of accidents) and that the plaintiff will live to be 100 years old. These numbers are no more or less arbitrary than the 22 years that Dr. Katz picked; all three lack any connection to medical science and are equally unreliable, and therefore inadmissible.

IV.     *Schneider* Did Not Overrule *Daubert*'s Requirement Of Scientific Reliability

Plaintiffs' final argument is that *Schneider v. Fried*, 320 F.3d 396 (3d Cir. 2003), somehow vitiated *Daubert*'s requirement that an expert's methodology be scientifically reliable, and discarded *Daubert*'s five standards for determining reliability: whether the method is objective, peer-review, a definable error rate, clear standards for administration, and general scientific acceptance. *Daubert*, 509 U.S. at 593-4. Tellingly, Plaintiffs' Answering Brief does not argue that Dr. Katz's opinion meets these factors, because, of course, it does not. Instead, Plaintiffs argue that *Schneider* holds that an expert opinion need not necessarily be based on a published study. That is not Defendants' point. Whether or not an expert's opinion is based on a study, it must be based on science, or else it is not the "scientific, technical or otherwise specialized knowledge" described by Fed. R. of Evid. 702. Dr. Katz's opinion – which rejects the conclusions of the sole peer reviewed article he even purports to rely upon – discards science in favor of speculative personal opinion that meets none of the *Daubert* factors indicating admissibility. *Schneider* holds that clinical experience may substitute for authoritative medical literature *when no such literature exists;* it does not authorize a wholesale rejection of reliable medical science in favor of guess supported solely by *ipse dixit*. See *General Electric Co. v. Joiner*, 522 U.S. 136 (1997).

## CONCLUSION

For all of these reasons, Defendants pray that their Motion *In Limine* To Exclude The Testimony Of Michael Katz, M. D. Regarding Life Expectancy be granted.

3

                                        McCARTER & ENGLISH, LLP

                                        /s/ Michael P. Kelly
                                        _____
                                        MICHAEL P. KELLY (DE ID# 2295)
                                        A. Richard Winchester (DE ID#2641)
                                        Andrew S. Dupre (DE ID#4621)
                                        919 North Market Street, Suite #1800
                                        Wilmington, DE  19899
                                        (302) 984-6300
                                        Attorney for Defendants

Dated:  December 7, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of December, he caused to be served via e-file a copy of the foregoing pleading upon the following counsel of record for the plaintiffs:

Robert N. Hunn, Esquire
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA 19103

Martin A. Schagrin, Esquire
Berkowitz, Schagrin & Cooper, P.A.
1218 Market Street
P. O. Box 1632
Wilmington, DE 19899

McCARTER & ENGLISH, LLP

/s/ Michael P. Kelly
_____
Michael P. Kelly (DE ID# 2295)
919 North Market Street, Suite #1800
P. O. Box 111
Wilmington, DE 19899
(302) 984-6300
Attorney for Defendants