IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE B. LAAG, a minor, by her Parent and Natural Guardian, JOHN LAAG, and JOHN LAAG, Individually and in his own right,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD J. CULLEN, JR., D.O., JAMES HERTZOG, M.D. and NEMOURS FOUNDATION d/b/a A. I. DUPONT HOSPITAL FOR CHILDREN, a Delaware Corporation,<br><br>Defendants. | : : : : : : : : : : : : : : : : Civil Action No.: 04-1306-GMS<br><br>JURY TRIAL DEMANDED |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE THE TESTIMONY OF MICHAEL KATZ, M. D.
REGARDING DAMAGES FOR CONSCIOUS PAIN AND SUFFERING**

Michael P. Kelly (Del. Bar ID #2295)
A. Richard Winchester (Del. Bar ID #2641)
Andrew S. Dupre (Del. Bar ID #4621)
McCARTER & ENGLISH, LLP
919 North Market Street, St. 1800
P. O. Box 111
Wilmington, DE 19899
(302) 984-6300

Attorneys for Defendants,
Edward J. Cullen, Jr., D.O.,
James Hertzog, M.D. and Nemours
Foundation d/b/a A.I. DuPont
Hospital for Children

Dated: December 8, 2005

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................ii.

ARGUMENT ............................................................................................................................1

    I.      Dr. Katz's "Personal And Ethical Beliefs" Are Not Expert Opinions......................1

    II.     Plaintiffs' Complete Lack Of Scientific Support For A Pain And
           Suffering Claim Requires Preclusion Of All Evidence On This Issue.....................2

CONCLUSION .........................................................................................................................3

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Cruzan v. Director, Missouri Department of Health*, 497 U.S. 261 (1990) ..........................................2

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)....................................................1

*Riegel v. Aastad*, 272 A.2d 715, 718 (Del. 1970)..........................................................................2

## FEDERAL STATUTES AND RULES

Fed. R. of Evid. 702 ..................................................................................................................1

Fed. R. of Evid. 401 ..................................................................................................................1

Fed. R. of Evid. 403 ..............................................................................................................1, 3

## LOCAL STATUTES AND RULES

Del. P.J.I. Civ. § 22.1 (2000) ....................................................................................................2

**ARGUMENT**

The Answering Brief concedes that Dr. Katz does not offer expert opinion on the issue of pain and suffering, either in his Report or in his deposition. *See* Pl. Ans. Brf. at 4, 5 ("Nowhere in the report does Dr. Katz render an opinion on whether a child in a persistent vegetative state experiences pain and suffering … **Dr. Katz never testified that such a patient experiences pain**") (emphasis original). *Ispo facto*, Dr. Katz may not testify at trial that in his opinion plaintiff is experiencing any pain and suffering. There is, therefore, no support in the record for the claim that Ms. Laag suffered any pain and suffering once she entered PVS, and that claim fails as a matter of law.

I.  Dr. Katz's "Personal And Ethical Beliefs" Are Not Expert Opinions

This motion argues that Dr. Katz's opinions on whether PVS patients suffer pain and suffering are not admissible under Fed. R. of Evid. 702 because they are based on "personal and ethical beliefs," rather than science. Plaintiffs' response is that Dr. Katz's musings are not expert opinion at all. Pl. Ans. Br. at 4 ("[Dr. Katz] never opined that a person in [PVS] experiences 'pain' (as that term is commonly understood)"; *Id.* ("Nowhere in the report does Dr. Katz render an opinion on whether a child in [PVS] experiences pain and suffering."); *Id.* at 6 ("Dr. Katz did not opine that a person is [sic] [PVS] experiences pain.").

Accepting Plaintiffs' representations that Dr. Katz's opinions about pain and suffering are not expert opinions, it is abundantly clear that any such opinions are not admissible. Fed. R. of Evid. 702 allows opinion testimony only when it is offered in an expert capacity, which this concededly is not. Moreover, Dr. Katz's inexpert opinions are not relevant to any issue in this case. They also carry a substantial danger of confusing and misleading the jury, which would have difficulty determining when Dr. Katz is testifying as an expert who bases his opinions on science, and when he is merely stating his unsubstantiated personal and ethical beliefs. Fed. R. of Evid. 401 and 403 thus also bar Dr. Katz from testifying about pain and suffering.

Plaintiffs' straw man argument that "Defendant wrongly posture [sic] that under *Daubert* any and all conclusions stated by an expert must appear in a peer-reviewed literature," is misplaced. Pl. Ans. Br. at 6. Defendants' contention, rather, is that any opinion that Ms. Laag is experiencing pain and suffering must meet the requirements of science. But, it cannot. In fact, there is scientific consensus that patients in PVS *do not* feel pain and *do not* suffer. Dr. Katz acknowledged as much when he testified "that the study of pain [in PVS patients] ... speaks to the concept of we don't know" (Ex. A at 61). That is why any opinion that such patients *do* experience pain and suffering rests on an "assum[ption]," not science. *Id.* at 62. As such, any such opinion is unsupportable, inherently unreliable, and must be excluded.

II.  **Plaintiffs' Complete Lack Of Scientific Support For A Pain And Suffering Claim Requires Preclusion Of All Evidence On This Issue.**

Without Dr. Katz, there is no record evidence or expert opinion that the plaintiff has felt pain and suffering after the extubation. That matches all the medical science on this topic, which holds that patients in PVS cannot feel pain. It also fits the case law, which over the last two decades has acknowledged that PVS patients do not experience pain. *Cruzan v. Director, Missouri Department of Health*, 497 U.S. 261, 301 (1990)(Brennan dissenting).

Plaintiffs' conceded complete lack of competent evidence on pain and suffering makes any testimony supporting the pain and suffering claim that might eventually be offered by lay witnesses entirely speculative, in opposition to all medical science, highly misleading and unfairly prejudicial. Delaware law requires medical opinion to be rendered to a reasonable degree of medical probability, and forbids "speculation into medical possibilities." *Riegel v. Aastad*, 272 A.2d 715, 718 (Del. 1970); *see also* Del. P.J.I. Civ. § 22.1 (2000). Without some basis in medicine and science, all evidence related to pain and suffering must be excluded, and those claims must as a matter of law be dismissed.

This point is especially valid due to the inflammatory nature of this case: a ten-year-old Downs Syndrome child in PVS. For example, Plaintiffs intend to present to the jury a "day-in-the-life" video. This video depicts the plaintiff before PVS, active, laughing and enjoying life at

2

Christmas time. It then presents the plaintiff after PVS, in a pitiable condition attached to the various machines required for her survival. The video is heartrendingly inflammatory and carries an enormous danger of inciting the jury to decide this case on sympathy, rather than on the evidence. Its only conceivable probative value would be to support a pain and suffering claim.[1] Plaintiffs, however, concede that no expert will opine that the plaintiff experiences pain and suffering. And, medical science demonstrates she does not. There is, therefore, no evidentiary basis for showing the day in the life video because it is not probative of any claim in issue. It also should be excluded as misleading, inflammatory, and unfairly prejudicial under Fed. R. of Evid. 403. Other such evidence prompts the same analysis.

In light of Plaintiffs' concessions in this motion, Defendants respectfully request that the Court (1) preclude Dr. Katz from testifying Ms. Laag is experiencing pain and suffering, and (2) exclude all evidence of pain and suffering from any source as speculative, unfounded, contradicted by Plaintiffs' experts, misleading and unfairly prejudicial. Such a ruling would have the effect of entering partial summary judgment on the pain and suffering claim, thereby substantially narrowing the issues for trial.

## CONCLUSION

For all of these reasons, Defendants pray that their Motion *In Limine* To Exclude The Testimony Of Michael Katz, M. D. Regarding Damages For Conscious Pain And Suffering be granted.

---

[1] Plaintiffs also make an impairment claim, which the video is not necessary to support. No one in this case argues that the plaintiff will ever recover – she is permanently brain damaged. The impairment claim therefore cannot, under Fed. R. of Evid. 403, be the basis for admitting the video.

3

McCARTER & ENGLISH, LLP

/s/ Michael P. Kelly
_____
MICHAEL P. KELLY (DE ID# 2295)
A. Richard Winchester (DE ID#2641)
Andrew S. Dupre (DE ID#4621)
919 North Market Street, Suite #1800
P. O. Box 111
Wilmington, DE 19899
(302) 984-6300
Attorney for Defendants, Edward J. Cullen, Jr., D.O., James Hertzog, M.D. and Nemours Foundation d/b/a A. I. DuPont Hospital For Children

DATED: December 8, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, he caused to be served a copy of the foregoing pleading upon the following, counsel of record for the plaintiffs, via electronic filing and First Class Mail:

Robert N. Hunn, Esquire
Kolsby, Gordon, Robin, Shore & Bezar
Suite 2250, 1650 Market Street
Philadelphia, PA  19103

McCARTER & ENGLISH, LLP

/s/ Michael P. Kelly
_____
MICHAEL P. KELLY (DE ID# 2295)
919 North Market Street, Suite #1800
P. O. Box 111
Wilmington, DE  19899
(302) 984-6300
Attorney for Defendants,
Edward J. Cullen, Jr., D.O.,
James Hertzog, M.D. and Nemours
Foundation d/b/a A. I. DuPont
Hospital For Children