## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHERINE B. LAAG, a minor, by her | : | CASE NO. |
| Parent and Natural Guardian, JOHN LAAG, | : | |
| And JOHN LAAG Individually and in his | : | **CA 04-1306-GMS** |
| Own right, plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| EDWARD J. CULLEN, JR., D.O., JAMES | : | |
| HERTZOG, M.D. and NEMOURS | : | |
| FOUNDATION d/b/a A. I. DuPONT HOSPITAL | : | |
| FOR CHILDREN, A Delaware Corporation | : | |

### JOINT PROPOSED JURY INSTRUCTIONS

Robert N. Hunn, Esquire /s/
ROBERT N. HUNN, ESQUIRE
Kolsby Gordon Robin Shore & Bezar
Suite 2250
1650 Market Street
Philadelphia, Pa. 19103
(215) 851-9700

Michael P. Kelly Esquire /s/
MICHAEL P. KELLY, ESQUIRE
McCarter & English
919 N. Market Street
Suite 1800
P.O. Box 111
Wilmington, DE  19899
(302) 984-6333

Dated:_____

ME1\5372740.1

## TABLE OF CONTENTS

**PAGE**

GENERAL INSTRUCTIONS INTRODUCTION.............    2

JURORS' DUTIES................................................    3

SYMPATHY.....................................................    4

BURDEN OF PROOF BY A PREPONDERANCE
OF THE EVIDENCE.........................................    5

EVIDENCE EQUALLY BALANCED........................    6

EVIDENCE DEFINED.........................................    7

CONSIDERATION OF EVIDENCE...........................    8

EVIDENCE: DIRECT, INDIRECT OR
CIRCUMSTANTIAL...........................................    9

CREDIBILITY OF WITNESSES -- WEIGHING
CONFLICTING TESTIMONY... .............................    10

EXPERT TESTIMONY.........................................    11

EXPERT OPINION MUST BE TO A REASONABLE
PROBABILITY.................................................    12

EXPERT MEDICAL OPINION MUST BE TO A
REASONABLE PROBABILITY................................    13

NATURE OF THE CASE.......................................    14

NEGLIGENCE DEFINED.......................................    15

DEFINITION OF MEDICAL NEGLIGENCE.................    16, 17

PROXIMATE CAUSE..........................................    18

i

MEDICARE/MEDICAID BENEFITS……………………… 19

AGENCY ADMITTED…………………………………….. 20

DAMAGES - PERSONAL INJURY……………………….. 21, 22, 23

JURY'S DELIBERATION ……………………………… 24

MEI\5372740.1

## GENERAL INSTRUCTIONS
### INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must following during your deliberations in the jury room and the possible verdicts that you may return.

Please listen very carefully to everything I say.

2

## **JURORS' DUTIES**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial and these instructions. All the instructions are important and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

3

## SYMPATHY

Your verdict must be based solely on the evidence in the case. You must not be governed by prejudice, sympathy, or any other motive except a fair and impartial consideration of the evidence. You must not, under any circumstances, allow any sympathy that you might have for any of the parties to influence you in any way in arriving at your verdict.

I am not telling you not to sympathize with the parties. It is only natural and human to sympathize with persons involved in litigation. But you must not allow that sympathy to enter into your consideration of the case or to influence your verdict.

Del. P.J.I.Civ. §24.1

4

## BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE

In a civil case such as this one, the burden of proof is by a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses. If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the part on that point.

In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

In this particular case, Catherine Laag must prove all the elements of her claim of negligence by a preponderance of the evidence. Those elements are as follows:

1) Was Dr. Cullen negligent?

2) Was the negligence a proximate cause of Catherine's injury?

3) What compensation is do and owing for Catherine's injury?

Del. P.J.I. Civ. §4.1 (2000)

5

MEI\5372740.1

## **EVIDENCE EQUALLY BALANCED**

If the evidence tends equally to suggest two inconsistent views, neither has been established. That is, where the evidence shows that one or two things may have caused the incident: one for which Edward Cullen, Jr., D.O. was responsible and one for which he was not. You cannot find for plaintiffs if it is just as likely that the incident was caused by one thing as by the other.

In other words, if you find that the evidence suggests, on the one hand, that Dr. Cullen is liable, but on the other hand, that he is not liable, then you must not speculate about the suggested causes of the incident; in that circumstance you must find for the defense.

Del. P.J.I. Civ. §23.1 (2000)

6

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. Any of my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I may have also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

7

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

8

## EVIDENCE:  DIRECT, INDIRECT OR CIRCUMSTANTIAL

Generally speaking, there are two types of evidence from which a jury may properly find the facts.  One is direct evidence -- such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence -- circumstances pointing to certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from all the evidence in the case: both direct and circumstantial.

Del. P.J.I. Civ. §23.1 (2000)

9

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness's credibility.  That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all.  But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

Del. P.J.I Civ. §23.9

10

## **EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.   This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.


Del. P.J.I. Civ. §23.10 (2000)

11

### EXPERT OPINION MUST BE TO A REASONABLE PROBABILITY

You have heard experts being asked to give opinions based on a reasonable probability. In Delaware, an expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable probabilities, not just possibilities.

Del. P.J.I. Civ. §23.11 (2000)

12

## **EXPERT MEDICAL OPINION MUST BE TO A REASONABLE PROBABILITY**

You have heard medical experts being asked to give opinions based on a reasonable medical probability. In Delaware, a medical expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable medical probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable medical probabilities, not just possibilities.

Del.P.J.I. Civ. §23.12

13

## **NATURE OF THE CASE**

This case involves a claim of medical negligence that caused brain damage to

Catherine Laag.

In this case, the plaintiff contends that the defendant Edward J. Cullen, Jr., D.O.

was negligent in extubating Catherine Laag on September 9, 2003 causing injury to

Catherine's brain. Dr. Cullen and A.I. Dupont Hospital for Children deny any

negligence.

14

## **NEGLIGENCE DEFINED**

**Defendants object to this instruction on the grounds that defendant Cullen's conduct is not judged by the ordinary negligence standard, and that it is duplicative of the instruction on medical negligence.**

**Plaintiff agrees that defendant's conduct is judged by medical negligence standards but contends that providing the jury with instructions on ordinary negligence assists the jury in understanding the concept of medical negligence.**

Plaintiff charges defendant Edward J. Cullen, Jr., D.O. with negligence which proximately caused Catherine Laag's personal injury. Generally speaking, negligence is the want of ordinary care; that is, the want of such care as a reasonably prudent and careful person would exercise in similar circumstances. Negligence involves the violation of a legal duty which one owes to another with respect to the care of the safety of that other. There must be a duty owed and a violation of that duty; and whether one has violated a duty or is guilty of negligence in a given case depends upon whether the person charged has conducted himself as a reasonably prudent person would conduct himself in similar circumstances. The standard to which a person is held then is the conduct of a reasonably prudent person. That standard is your guide. If the conduct of a person in given circumstances does not measure up to that which in the opinion of the jury is the conduct of an ordinarily prudent and careful person in like circumstances, such person may be said to have been negligent. The mere fact that an injury occurs is not enough to make a party liable. In order to be actionable, it must appear that the injury was proximately caused by negligence.

15

## DEFINITION OF MEDICAL NEGLIGENCE

Under a Delaware statute, a healthcare provider that does not meet the applicable standard of care commits medical negligence:

> The standard of skill and care required of every healthcare provider in rendering professional services or healthcare to a patient shall be that degree of skill and care ordinarily employed, in the same or similar field of medicine as the defendant, and the use of reasonable care and diligence.

The law requires that a doctor's conduct be judged by the degree of care, skill and diligence exercised by doctors of the same or similar medical specialty, practicing at the time when the alleged medical negligence occurred.

On the one hand, if you find that Edward Cullen, Jr., D.O. failed to meet this standard and that this failure was a proximate cause of some injury to Catherine Laag, then your verdict must be for Catherine Laag. (I shall explain what "proximate cause" means in a moment.) On the other hand, if Edward Cullen, Jr., D.O. did meet this standard, then your verdict must be against Catherine Laag.

Each physician and healthcare provider is held to the standard of care and knowledge commonly possessed by members in good standing of his or her profession and specialty. It is not the standard of care of the most highly skilled, nor is it necessarily that of average members of this profession, since those who have somewhat less than average skills may still possess the degree of skill and care to treat patients competently. When a physician chooses between appropriate alternative medical treatments, harm resulting from a physicians' good-faith choice of one proper alternative over the other is

16

not medical negligence. Catherine Laag cannot prove that Edward Cullen, Jr., D.O.

committed medical negligence merely by showing that another healthcare provider would

have acted differently from Dr. Cullen.

Delaware law further requires that to prove liability, Catherine Laag must present

"expert medical testimony" showing that "the alleged deviation from the applicable

standard of care" caused the injury. You may not guess about the standard of care that

applies to Dr. Cullen, or whether a departure from that standard injured Catherine Laag.

You must consider only expert testimony, when you determine the applicable standard,

decide whether it was met, and -- if it wasn't -- determine what caused Catherine's injury.

If the expert witnesses have disagreed on the applicable standard of care, on whether it

was met, or on the question of cause, you must decide which view is correct.

No presumption of medical negligence arises from the mere fact that the patient's

treatment had an undesirable result. Medical negligence is never presumed. The fact that

a patient has suffered an injury while in the care of a healthcare provider does not mean

that the healthcare provider committed medical negligence.

Del. P.J.I. Civ. §7.1a (2000)

17

## **PROXIMATE CAUSE**

The medical negligence of a party, standing alone, is not sufficient to impose legal responsibility upon that party. Something further is needed. This further requirement is that the negligence must be shown by a preponderance of the evidence to be a proximate cause of injury.

Proximate cause is defined as the cause that produced the harm, and but for which the harm would not have occurred. When it is said that negligence must be shown to be a proximate cause of the injury, it is meant that such negligence must be a direct cause such as to have brought about or produced, or helped to bring about or produce, the injury, and but for which it would not have occurred. There can be more than one proximate cause of an injury.

18

ME1\5372740.1

## MEDICARE / MEDICAID BENEFITS

**Plaintiff objects to this instruction on a number of grounds. First, plaintiff has not received any benefits from Medicare or Medicaid in the past. Second, whether plaintiff receives any benefits from Medicare or Medicaid in the future is uncertain and constitutes speculation at this time. For example, John Laag would like his daughter to come home from the institution where she currently resides. If she does, and as a dependent resident of her father, she would likely not even qualify for Medicaid. If she were to qualify for Medicare in the future, it is likely that Medicare would only pay for a fraction of the care she requires.**

**Defendants agree that plaintiff has not yet received any Medicare or Medicaid benefits. However, Defendants assert that the plaintiff's condition absolutely entitles her to certain public source benefits which may be easily ascertained from government documents. The amounts are therefore not speculative. Assuming evidence emerges that John Laag intends to refuse public source benefits to which the plaintiff is entitled, that decision would constitute failure to mitigate damages. The instruction would therefore remain appropriate.**

You have heard testimony about medical compensation to which the plaintiff is entitled. Delaware law requires that you must consider such evidence in the determination of any damages that you may award.

## AGENCY ADMITTED

It has been admitted in legal documents filed in this case that, at all times relevant to this litigation, Edward Cullen, Jr., D.O. was an employee acting within the scope of employment and was the agent of Nemours Foundation.

As a matter of law, therefore, Nemours Foundation is equally responsible with Dr. Cullen for any actions or omissions Dr. Cullen may have committed at the time of the incident.

20

## DAMAGES - PERSONAL INJURY

**Defendants object to this obstruction in so far as it relates to pain and suffering. Plaintiffs have conceded in briefing that there will be no expert medical testimony supporting the demand for pain and suffering damages. Moreover, Defendants assert that medical science universally indicates that persons in the plaintiff's condition do not experience pain. Pain and suffering damages in this case would thus be inherently speculative, and inadmissible under Fed. R. of Evid. 401 and 403.**

If you find that the plaintiff is entitled to recover for damages which were proximately caused by the medical negligence, you should consider the compensation to which she is entitled.

The object and purpose of an award of damages in a civil action is just and reasonable compensation for the harm and injury done. Certain guiding principles of the law of damages must be employed to reach a proper damage award in a civil action. One principle of the law of damages is that in order to be recoverable, damages must be proved with reasonable probability and not left to speculation. Damages are termed speculative when there is merely a possibility, rather than a reasonable probability, that an injury exists. While pain and suffering are proper elements upon which to determine monetary damages, the damages for pain and suffering should be fair and reasonably determined. They must be determined from a conclusion of the length of time of suffering, the degree of suffering, and the nature of the injury causing the suffering. If you find for the plaintiff, you should award to her such sums of money as in your judgment will fairly and reasonably compensation her for the following elements of damages or loss which by a preponderance of the evidence you find exist:

21

a)      Compensation for the medical costs and expenses incurred as a result of the injury.  That figure is $_____;

b)      Compensation for the reasonable and necessary medical costs and expenses that Catherine Laag will incur in the future;

c)      Compensation for the permanent impairment plaintiff has suffered in the past and will suffer in the future;

d)      Compensation for pain and suffering.


In considering future damages, you should take into consideration Catherine's age and her life expectancy.

In evaluating the degree of injury, impairment or disability, you may take into consideration all the activities which Catherine Laag used to engage in, such as her schooling, as well as those activities for pleasure and household duties or other activities, and you may consider to what extent these activities have been impaired on account of the injury and to what extent they will continue to be impaired in the future for the rest of her life expectancy.

In evaluating pain and suffering, you must give effect to its mental as well as its physical state, inasmuch as an awareness of disabilities in some persons may give rise to humiliation, embarrassment, and mental distress.

22

You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress which may accompany any deprivation of usual pleasurable activities and enjoyments.

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering, nor does it require that any witness should have expressed an opinion as to the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate plaintiff fully and adequately.

Del. P.J.I. Civ. §22.1 (2000)

23

## JURY'S DELIBERATIONS

How you conduct your deliberations is up to you. But I would like to suggest that you discuss the issues fully, with each of you having a fair opportunity to express your views, before committing to a particular position. You have a duty to consult with one another with an open mind and to deliberate with a view to reaching a verdict. Each of you should decide the case for yourself, but only after impartially considering the evidence with your fellow jurors. You should not surrender your own opinion or defer to the opinions of your fellow jurors for the mere purpose of returning a verdict, but you should not hesitate to reexamine your own view and change your opinion if you are persuaded by another view.

Your verdict, whatever it is, must be unanimous.

Del. P.J.I. Civ. §24.5

24