Michael P. Kelly
Managing Partner

(302) 984-6301 D-Dial
mkelly@mccarter.com

McCarter & English, LLP
Suite 1800
919 N. Market Street
P.O. Box 111
Wilmington, DE 19899
tel 302.984.6300
fax 302.984.6399
www.mccarter.com



**M<sup>c</sup>CARTER ENGLISH**
ATTORNEYS AT LAW

January 3, 2006

**VIA HAND DELIVERY**

The Honorable Gregory M. Sleet
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324, Lockbox 19
Wilmington, DE 19801

Re:  Laag v. Cullen et al., Case Number 04-1306-GMS

Dear Judge Sleet:

I write in response to the Court's directive that Defendants submit by close of business today a letter outlining the unique nature and importance of Dr. Shekhar Venkataraman, M.D.'s testimony in this case. (See, Transcript of December 29, 2005 Hearing at pages 53-55.) Dr. Venkataraman's report constitutes a thorough and comprehensive analysis of all of the standard of care issues that have been raised in this case. Defendants respectfully submit that the interests of both parties in a fair trial, and of justice, are best served by allowing Dr. Venkataraman's testimony that Dr. Cullen met in all respects the applicable standard of care.

This Court's March 2, 2005 Scheduling Order directed that "Plaintiffs shall identify their experts and provide expert disclosures by June 30, 2005. Defendants shall identify their experts and provide expert disclosures by August 30, 2005."[1] The Scheduling Order did not provide Plaintiffs any opportunity to submit rebuttal expert reports.

Defendants received the report of Plaintiffs' liability expert, Dr. Stephen Lieberman, on July 13, 2005. Defendants submitted the report of their liability expert, Dr. Bradley Fuhrman, well within the sixty day period stipulated in the Scheduling Order. Thereafter, however, Plaintiffs on September 21, 2005 submitted a supplemental report from Dr. Lieberman, which expressly was intended to address Dr. Fuhrman's report and opinions. (See, Ex. 1.) Then, on October 10, 2005, Plaintiffs submitted yet a third standard of care report from a theretofore undisclosed, second expert, Dr. Katherine Biagas. Dr. Biagas's report purported to rebut Dr. Fuhrman's opinions and also offered additional theories on the standard of care issue. (See, Ex. 2.) In the wake of Plaintiffs' submission of these rebuttal reports from Drs. Lieberman and Biagas, Defendants disclosed to Plaintiffs the report of Dr. Venkataraman on November 16, 2005, a date well within sixty days of both Dr. Lieberman's supplemental report and Dr. Biagas's report. (See, Ex. 3). Defendants initially understood that Plaintiffs would have no objection to Dr. Venkataraman's report and testimony. (See, Ex. 4). Since November 16, 2005, Defendants' pre-trial preparation has focused largely on Dr. Venkataraman's testimony.

---

[1] By agreement of the parties the time for identification and disclosure of Plaintiffs' expert reports was extended.

HARTFORD        STAMFORD        NEW YORK CITY        NEWARK        PHILADELPHIA        WILMINGTON        BALTIMORE
860.275.6700    203.324.1800    212.609.6800         973.622.4444  215.979.3800         302.984.6300    410.659.8500

The Honorable Gregory M. Sleet
January 3, 2006
Page 2

After considering Dr. Venkataraman's impeccable credentials and thoroughly founded opinions, however, Plaintiffs filed their Motion to Exclude the Testimony of Dr. Venkataraman. (See, Docket No. 62). Plaintiffs deposed Dr. Venkataraman on December 12, 2005. The morning after Dr. Venkataraman's deposition, Plaintiffs' counsel withdrew Dr. Biagas as a witness at trial and cancelled her deposition. (See, Ex. 5.) Plaintiffs withdrew Dr. Biagas for tactical reasons – they would then urge that Dr. Venkataraman be withdrawn as well. Defendants respectfully submit that this trial be guided by a search for the truth, not legal maneuvering.

The trial process in our Federal Courts is not an exercise in gamesmanship, but rather a search for the truth. *See, e.g., Tehan v. United States ex rel Shott.*, 382 U.S. 406, 416 (1966); *United States v. Nixon*, 418 U.S. 683, 708-10 (1974). Dr. Venkataraman will offer the jury the most complete, clear, and comprehensive opinion testimony on the central issue in this case – whether Dr. Cullen's treatment of Ms. Laag met the applicable standard of care. Dr. Venkataraman's seven page report and deposition testimony are not cumulative and indeed address all the opinions and theories presented by Plaintiffs in Dr. Lieberman's initial report, his second report and Dr. Biagas's October 10 report, the latter two of which were submitted after Dr. Fuhrman's report. For example, Dr. Venkataraman demonstrates that the opinion of Dr. Lieberman in his supplemental report that "[i]f swelling was as severe as suggested by Dr. Fuhrman, then DuPont physicians wasted precious time with multiple intubation attempts instead of immediately attempting surgical intervention," is unfounded. (Compare Ex. 1 at 1 with Ex. 3 at 6; See also, Plaintiffs' Trial Brief, at pages 4-5.) Dr. Venkataraman also refutes Dr. Lieberman's expanded opinions on the importance of Dr. Cullen's decision to immediately place Ms. Laag on Bi-PAP following extubation. (Id.) Dr. Venkataraman's testimony fills in gaps introduced by Plaintiffs not addressed by Dr. Fuhrman.

Defendants respectfully submit that allowing Dr. Venkataraman's testimony at trial will unquestionably serve the paramount interests of justice and providing all parties a fair trial. If the Court decides that Defendants may call only one liability expert, then Defendants ask only that they be given the same option that Plaintiffs already have exercised – to choose which of the two experts they selected to analyze the facts, provide a report and present for a deposition, will testify before the jury and present at trial Dr. Venkataraman as their standard of care expert witness.

Respectfully submitted,

/s/ Michael P. Kelly

Michael P. Kelly
(Del. Bar ID #2295)
R. Nicholas Gimbel

MPK:jr

cc: Robert S. Hunn, Esq. (via fax)

5403246.1